“This case comes before the court on cross motions for summary judgment. There is no genuine issue as to any material fact.
“The controversy arises out of plaintiff’s former employment as an Assistant U.S. Attorney for the Eastern District of New York. During his period of service, plaintiff had *541 earned over 96 'hours of excess annual leave time but had forfeited his right to the leave because it had not been used prior to the close of 1974. Under 5 U.S.C. § 6304, plaintiff requested restoration of the forfeited annual leave upon the ground that the exigencies of public business prevented him from utilizing the leave. The request was denied by the Department of Justice upon the ground that plaintiff did not comply with a deadline date fixed by U.S. Civil Service Regulation, 5 C.F.R. § 630.308, for scheduling annual leave during 1974. After seeking reconsideration from the Department of Justice, plaintiff sought administrative review first with the Civil Service Commission (CSC) and then with the General Accounting Office (GAO). Both the CSC and the GAO maintained that they could not grant an exception to the definition of “scheduled annual leave” because the requirement is statutory in origin, leaving no discretion with the agency to restore forfeited leave. As a result, plaintiff’s appeals were denied.
“Plaintiff presently contends that the denial of restoration of annual ‘leave was arbitrary, capricious and contrary to the spirit of 5 U.S.C. § 6304 and that the regulation does not prohibit the exercise by the agency of its discretion to permit-restoration of forfeited annual leave.
“The legislative history of Pub. L. 93-181, which added the relevant part of 5 U.S.C. § 6304 now at issue, illustrates that Congress was aware of and interested in the scheduling of annual leave in advance requirement. The purpose of 5 U.S.C. § 6304(d) (1) (B) is not to penalize the employee who has previously planned for and scheduled a certain amount of annual leave and then is prevented from using it due to the exigencies of public business. However, the employee who does not pre-schedule 'his annual leave runs the risk of forfeiture.
“Section 6311 of title 5 gives the CSC the authority to prescribe regulations necessary for the administration of the subchapter. The CSC utilized this authority by implementing a regulation which stated that in order for restoration of annual leave to be considered, * * the decision to schedule annual leave for use shall be made in writing before the start of the third biweekly pay period prior to the end of the leave *542 year.’ 5 C.F.R. § 630.308; This court has often, said that ‘ [w]hen a Government official or agency lawfully prescribes rules and procedures, these are binding on the Government as well as on its citizens.’ Whelan v. United States, 208 Ct. Cl. 688, 694, 529 F. 2d 1000, 1003 (1976), and cases cited therein. Moreover, when an agency is given the responsibility of implementing a particular statute, as the CSC was given for the statute now at issue, this court shows great deference to the interpretation given the statute by the agency. Udall v. Tallman, 380 U.S. 1, 16 (1965); Barrington Manor Apartments Corp. v. United States, 198 Ct. Cl. 298, 304, 459 F. 2d 499, 502-503 (1972). The CSC regulation serves a useful and necessary purpose recognized by Congress for the administration of the leave program.
“Since the Department of Justice adequately informed plaintiff of the scheduling in advance requirement, since the plaintiff failed to schedule his annual’leave sufficiently in advance as defined in 5 C.F.R. § 630.308, and since the denial of restoration of forfeited annual leave we do not find to be arbitrary or capricious,
“it is ordered that plaintiff’s motion for summary judgment be and is hereby denied, that defendant’s cross motion for summary judgment be and is hereby granted and that plaintiff’s petition be and is hereby dismissed.”