This case is before the court on defendant’s motion for summary judgment. After careful consideration of the parties’ submissions and without oral argument, we grant the defendant’s motion in part, deny it in part, and remand the case to the trial division.
Arthur E. Quillo, the plaintiff, was a civil service employee of the United States for 34 years. From March 14, 1974, through March 15, 1975, he worked as a contracting officer for the Department of the Navy in Vietnam. During *541 this period, he accumulated annual leave at the rate of 8 hours per biweekly pay period. On November 13, 1974, the Department of the Navy issued a memorandum setting forth the determination that exigencies of the public service in Vietnam during the 1974 leave year were such that assigned employees had been and would be precluded from using their accrued leave.
Plaintiff alleges that during this period he made several requests for leave from his superiors. He contends they responded that conditions would improve and leave would later be available, that no request, written or oral, was then acceptable. Plaintiffs supervisors were aware he was accumulating excess leave through his D. A. 593 form.
At the end of the leave year, plaintiff had accumulated excessive leave which the Department of the Navy said was forfeited. Plaintiff sought administrative remedy from the General Accounting Office and the Comptroller General. Both denied his claim. Plaintiff is now before this court, pro se, seeking lump-sum payment for the leave under 5 U.S.C. § 6304.
5 U.S.C. §6304 provides for the restoration of annual leave in certain circumstances. It states, in pertinent part:
(d)(1) Annual leave which is lost by operation of this section because of—
(A) administrative error when the error causes a loss of annual leave otherwise accruable after June 30,1960;
(B) exigencies of the public business when the annual leave was scheduled in advance; or
shall be restored to the employee.
Plaintiff presents two arguments for relief under § 6304. The first, that although his requests to schedule leave were oral they should qualify under § 6304(d)(1)(B). The second, that the failure of his superiors to schedule leave and to follow procedures to insure his leave would not be forfeited constitutes administrative error under § 6304(d)(1)(A).
Regulations were promulgated under the authority of 5 U.S.C. §6311 to implement §6304. They provide in part:
630.308. Scheduling annual leave. Beginning with the 1974 leave year, before annual leave forfeited under *542 section 6304 of title 5, United States Code, may be considered for restoration under that section, the decision to schedule annual leave for use shall be made in writing before the start of the third biweekly pay period prior to the end of the leave year. [5 C.F.R. § 630.308 (emphasis supplied).]
This written requirement is further detailed in Paragraph 5c of the attachment to Federal Personnel Manual Letter (FPML) 630-22.
Though the statute itself does not specifically refer to a writing, the regulation’s requirement is in accord with the legislative history:
The committee intends that for purposes of complying with the "scheduled in advance” requirement, some formal documentation will have to be furnished to show that the employee, a reasonable time before the end of the leave year, did, in fact, request a certain amount of annual leave in advance, that such request was approved by the appropriate authority, and that such annual leave was lost due to exigencies of the service or sickness of the employee. [H. R. Rep. No. 93-456, 93d Cong., 1st Sess. 9 (1973).]
This court has previously upheld the regulation in question to the extent that a prior request for leave is required and where the plaintiff knew of the requirement to schedule leave in advance. Ryan v. United States, 212 Ct. Cl. 540 (1976). As we said then:
[W]hen an agency is given the responsibility of implementing a particular statute, as the CSC was given for the statute now at issue, this court shows great deference to the interpretation given the statute by the agency. Udall v. Tallman, 380 U. S. 1, 16 (1965); Barrington Manor Apartment Corp. v. United States, 198 Ct. Cl. 298, 304, 459 F. 2d 499, 502-503 (1972). The CSC regulation serves a useful and necessary purpose recognized by Congress for the administration of the leave program. [Id. at 542.]
We believe that Congress, in this subsection, requires simple proof of prior scheduling. We do not think subsequent testimony, once leave has already been forfeited, is within the intent of section (B) of the statute. Thus, plaintiff cannot maintain a cause of action under § 6304(d)(1)(B). At this point we need not decide what *543 documentation will suffice to fulfill the requirements of § 6304(d)(1)(B).
We believe any inequities that may result from this interpretation of § 6304(d)(1)(B) are handled by § 6304(d)(1)(A); i.e., administrative error. The purpose of Congress in enacting this statute was:
[t]o permit employees to accumulate leave beyond the current máximums if they lost leave through no fault of their own through administrative error, exigencies of public business, or illness.
* * S*S *
[I]t * * * corrects several minor but longstanding inequities in the system. [S. Rep. No. 93-491, 93d Cong., 1st Sess. 2, reprinted in [1973] U. S. Code Cong. & Ad. News 2773, 2773-2774.]
See also Lindsey v. United States, 214 Ct. Cl. 574 (1977). Thus a goal of the statute is to correct inequities in the annual leave system. The federal guidelines state, "while employees also have an obligation to request annual leave in a timely manner, failure on their part to do so does not relieve management of its responsibility to assure that leave is in fact rescheduled for use.” Paragraph 5c of the Attachment to FPML 630-22. The Comptroller General has said "failure on the part of the agency to properly schedule requested leave constitutes an administrative error, which is itself a basis for restoration of forfeited leave under 5 U.S.C. § 6304(d)(1)(A).” Arthur E. Quillo, File B-194545, April 28,1980. See also 57 Comp. Gen. 325 (1978).
The Comptroller General attempts to distinguish the present case by saying there must be a formal documented request for leave before an administrative error can be found. See also 56 Comp. Gen. 471 (1977). The legislative history and statute, however, do not support this. The statute does not use the language "scheduling of leave” in subsection (A). The documentation spoken of in the legislative history is only in reference to subsections (B) and (C), not subsection (A). We do not interpret the regulations as carrying the documentation requirement to subsection (A).
An administrative error encompasses more than a mere clerical error. See 57 Comp. Gen. 325. Assuming the truth *544 of plaintiffs allegations for purposes of this motion, plaintiff did all he could. He requested leave in a timely manner but was unable to take it due to public exigencies. Plaintiff had no knowledge of the written requirement of the regulations. He was told no requests, whether oral or written, would be honored and was assured leave would be granted at a later time. Plaintiffs supervisors failed to fulfill their obligations under law to see that leave was "in fact rescheduled for use.” We hold that this was administrative error. If any meaning is to be given to the statute’s intent and purpose, and to the regulation’s requirements as to the agency’s obligations, we must find that the plaintiff states a cause of action under § 6304(d)(1)(A).
Defendant argues that plaintiff is bringing a tort suit for misrepresentation by his supervisors, a suit over which this court has no jurisdiction. We do not agree. This is a pro se plaintiff, and as such his petition must be liberally construed. To the extent plaintiffs claim falls within 5 U.S.C. § 6304(d)(1)(A)', we have jurisdiction and it is not a suit in tort.
This case is remanded to the trial division so that the plaintiff may be given an opportunity to submit proof as to the truth of his allegations. Proof should include evidence of plaintiffs oral requests for leave, such as affidavits of the supervisors from whom he requested leave.
IT IS THEREFORE ORDERED that defendant’s motion for summary judgment be and hereby is granted in part and denied in part. To the extent plaintiffs petition attempts to state a claim under 5 U.S.C. § 6304(d)(1)(B), the petition is dismissed. To the extent plaintiffs petition states a claim under 5 U.S.C. § 6304(d)(1)(A), the case is remanded to the trial division for proceedings in accordance with the above order.