Eldon HUFFINE, H D Company, Plaintiffs,

v.

The UNITED STATES, Defendant.

Nos. 583–88C, 91–1033C.

United States Claims Court.

March 23, 1992.

Eldon Huffine, pro se.

C. William Lengacher and Agnes M. Brown, Washington, D.C., with whom was

---

Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

REGINALD W. GIBSON, Judge.

This contract case is before the court on *pro se* Plaintiff's Subpoena For Production Of Documents Pertinent To This Action filed on January 14, 1992, in case 91–1033C. For the reasons hereinafter expressed, we grant the aforesaid motion.

### Background

On February 22, 1990, the defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment. Thereafter, on August 9, 1990, plaintiff responded in opposition only to the motion to dismiss, and made no response as to the motion for summary judgment nor gave an explanation for his failure to do so. The defendant, in turn, filed a reply to plaintiff's opposition to defendant's motion to dismiss on November 2, 1990. Over two years have passed since defendant filed its alternative motion for summary judgment, and plaintiff has failed to file a response to said motion.[1]

As a result of the plaintiff's failure to follow court rules, *i.e.*, RUSCC 83.2(c),[2] the court ordered the plaintiff, on February 3, 1992, to respond to the pending motion for summary judgment by February 21, 1992, and the defendant to reply to said response by February 28, 1992. However, despite the court's order, the plaintiff failed to respond to said motion. Instead, plaintiff submitted a letter on February 14, 1992, indicating to the court that due to a recent fire at his home all documents related to the case herein were destroyed,[3] thus, he could not respond to the court's order by the specified due date. To remedy this situation, the court immediately ordered the defendant to supply the plaintiff with all documents relating to case 583–88C. Defendant therein complied with said order on February 21, 1992.[4]

### Discussion

■ As the defendant has supplied the plaintiff with *all* the previously requested documents filed with this court, we now address plaintiff's motion to subpoena the documents of the U.S. Forest Service with respect to the China–Yankee contract and the Dry Fork contract. Plaintiff avers that "[t]hese documents ... are pertinent to this action and the defendant is the only party which has the complete file...." Assuming this to be true, the court is aware that the plaintiff may argue that he is unable to respond to the motion for summary judgment in light of the fact that he does not have a sufficient amount of facts to do so. Accordingly, in light of the handicaps faced by the plaintiff as a *pro se* litigant before this court, we will construe plaintiff's motion to subpoena documents liberally and thereby deem said motion to be a request for appropriate discovery to respond the motion for summary judgment.[5] *Quillo v. United States*, 229 Ct.Cl.

---

1. *See infra* note 6.

2. RUSCC 83.2(c) states that "responses to [RUSCC 56] motions shall be filed within 28 days after service of the motion and replies thereto within 14 days of the service of the response."

3. Note that the plaintiff filed a motion for copies of all documents on January 14, 1992, because he alleges that all his files were destroyed by an unfortunate accident.

4. On March 22, 1991, the plaintiff filed a complaint, No. 91–1033C, in this court which was based on the same set of facts and the same issues as those contained in case 583–88C. That case was assigned to another Claims Court judge. It was not until recently that the defendant and the court discovered that these related cases were before two separate judges and, therefore, should be consolidated. Thus, before the cases could be consolidated, on March 5, 1992, the judge in the subsequent proceedings, No. 91–1033C, also ordered the defendant therein to supply the plaintiff with all documents related to said case. Said order was complied with on March 5, 1992. Consequently, plaintiff is now in possession of *all* the documents from both cases, Nos. 583–88C and 91–1033C. It is important to note also that case No. 91–1033C was consolidated with No. 583–88C, and assigned to the undersigned judge.

5. The court would like to point out that pursuant to RUSCC 45(b), a party may request that the court issue a subpoena upon another person to produce certain documentary evidence as designated therein. However, this tool available to the parties is generally used during trial proceedings or when a party to the action is

540, 544, 1981 WL 22051 (1981). This approach implicates RUSCC 56(g), which provides, in pertinent part, as follows:

> Should it appear from the affidavits of a party opposing the motion that such party cannot for reasons stated present by affidavit facts essential to justify such party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or *discovery to be had or may make such other order as is just.*

(emphasis added). *See Sweats Fashions v. Pannill Knitting Company*, 833 F.2d 1560, 1566 (Fed.Cir.1987) (board erred in granting summary judgment without affording plaintiff opportunity to pursue discovery); *Duncan Donuts of America, Inc. v. Metallurgical Exoproducts Corporation*, 840 F.2d 917, 919 (Fed.Cir.1988) (Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), made clear that summary judgment is inappropriate unless tribunal permits parties adequate time for discovery). Although plaintiff has unknowingly failed to supply the court with the required affidavit as specified in RUSCC 56(g), the court will, nevertheless, grant the plaintiff wide latitude with respect to this matter and thereby deem the subject motion to be sufficient, in light of *pro se* plaintiff's indication that it is essential that he obtain additional evidence to proceed with the case herein. *Black v. United States*, 25 Cl.Ct. 268 (1992). Accordingly, the court shall grant plaintiff's subpoena for the production of documents pertinent to this action, but it does so only to the extent that the plaintiff pursues said evidence under the discovery rules of this court.

■ Although the court throughout the proceedings herein has continuously and generously extended plaintiff with a substantial amount of latitude in litigating this case simply because he is *pro se*, the court wishes to admonish the plaintiff for his lack of cooperation with the court and his repeated failure to comply with court orders.[6] Thus, notwithstanding the court's

---

requesting said documentary evidence from a third party who refuses to provide said documents. Accordingly, a more appropriate motion by the plaintiff should have been a request for discovery for the purpose of responding to the motion for summary judgment, pursuant to RUSCC 56(g).

**6.** (i) On March 6, 1989, plaintiff filed a motion for leave of court to file an amended complaint. Said motion was allowed on March 17, 1989. As of April 17, 1989, plaintiff had not filed said amended complaint; thus, the court ordered the plaintiff to do so by April 28, 1989. On May 3, 1989, plaintiff filed a motion to extend the date for filing the amended complaint to June 28, 1989. The court allowed said motion on May 15, 1989. Plaintiff, however, failed to file his amended complaint by June 28, 1989, and the court, in turn, issued an order on July 6, 1989, requiring the plaintiff to file his subject complaint forthwith, and if he failed to do so, the court would entertain a motion to dismiss for lack of prosecution. On August 7, 1989, over four months after plaintiff's motion to file his amended complaint was allowed, plaintiff filed said complaint.

(ii) On February 22, 1990, defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment. Plaintiff failed to respond to said motions within the period prescribed by the rules, *i.e.*, RUSCC 83.2(c). The court then ordered the plaintiff, on April 25, 1990, to respond to said motions by May 15, 1990. This date was later changed to July 25, 1990, by this court's order of May 25, 1990. However, plaintiff again failed to comply with said order and did not file his response to defendant's motions until August 9, 1990. In fact, even when plaintiff did respond to defendant's alternative motions, he only responded to the motion to dismiss not to the motion for summary judgment.

(iii) On November 6, 1990, the court issued an order requiring the parties to participate in a telephonic status conference on November 19, 1990. The court also ordered the plaintiff to provide the court with a telephone number at which he could be reached for the purpose of conducting said status conference, by November 15, 1990. The plaintiff failed to comply with said order, and was thus unavailable for said conference. The next day, *i.e.*, November 20, 1990, the court issued an order to the effect that oral argument on plaintiff's multiple motions (Plaintiff's Motion For Subpoena Duces Tecum; Plaintiff's Motion To File Second Amended Complaint; and Plaintiff's Motion For Sanctions) that were currently before the court would be held on December 7, 1990. The court also required plaintiff to notify the court of his telephone number for future reference, and to further notify the court with respect to whether plaintiff would prefer to appear in person or via telephone for the December 7, 1990 hearing. Plaintiff again failed to comply with the court's

considered solicitude regarding *pro se* plaintiffs, the court must also be continuously mindful of the interests of the other party. *Accord Hunt v. United States,* 229 Ct.Cl. 468, 469 (1981). Plaintiff should take heed and understand that if, in the future, he continues to abuse the judicial process in refusing to comply with the court's orders, as in the past, from this date forward, the court will appropriately and forthwith entertain a motion to dismiss from the defendant for failure to prosecute. This court will, therefore, no longer tolerate similar behavior of the past from the plaintiff.

### Conclusion

Given the foregoing, plaintiff's motion for a subpoena for the production of documents, treated herein as a discovery request, is hereby GRANTED. Accordingly, the plaintiff shall have 30 days from the date of this order, *i.e.,* until April 22, 1992, to conduct appropriate discovery for the purpose of responding to defendant's motion for summary judgment. Following the end of the 30 days, the plaintiff shall have 20 days, to and including May 12, 1992, to file his opposition to defendant's motion, and to file a cross-motion for summary judgment if he so desires. The defendant shall file its reply to plaintiff's response within 14 days of the filing thereof. No extensions of time shall be allowed except under circumstances of extreme hardship duly documented by a sworn affidavit.

IT IS SO ORDERED.

November 20, 1990 order; thus, on December 7, 1990, the court, granting the plaintiff a substantial amount of deference, reset the oral argument date to January 7, 1991, and plaintiff's deadline to comply with the November 20, 1990 order was extended to December 31, 1990. Said order was served on the plaintiff via certified mail. On January 7, 1991, the court received the December 7, 1990 order back unclaimed by the plaintiff.

(iv) Due to the foregoing events, the court, on January 9, 1991, denied plaintiff's then pending motions for want of prosecution. The plaintiff then filed, on January 24, 1991, with leave of court, a notice of exception to the court's denial of the pending motions. The court then ordered the defendant to respond to the notice by February 7, 1991, and the plaintiff to reply thereto by February 21, 1991. This date was later extended by court order to March 15, 1991. The defendant filed its response to the notice on February 8, 1991. The plaintiff, however, failed to make his reply. Consequently, the court deemed said notice of exception to be abandoned and denied it on April 4, 1991.

(v) On February 3, 1992, the court ordered the plaintiff to respond to defendant's alternative motion for summary judgment by February 21, 1992, and the defendant to file its reply thereto by February 28, 1992. Also, on February 12, 1992, the court issued an order requiring the parties to appear for a telephonic hearing on matters related herein on February 18, 1992. The court also required the plaintiff to supply the court with a telephone number where he could be reached for the hearing. Plaintiff failed to provide the court with his telephone number, and, therefore, again failed to appear for the hearing. The court then issued a second order resetting the date of the hearing to March 16, 1992. Again, the plaintiff failed to provide the court with his telephone number, and was, therefore, unavailable for the rescheduled hearing of March 16, 1992.