Eldon **HUFFINE, H D Company,**
**Plaintiff,**

v.

The **UNITED STATES, Defendant.**

**Nos. 583–88C and 91–1033C.**

United States Claims Court.

Aug. 27, 1992.

Eldon Huffine, pro se.

Agnes M. Brown, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

OPINION

REGINALD W. GIBSON, Judge:
*Background*

Plaintiff filed complaint No. 583–88C on October 7, 1988, seeking damages (i) for

the alleged failure of the U.S. Forest Service to award him two road construction contracts (Mystic Lake and Eldridge Creek contracts),[1] and (ii) for wrongful termination of two other road construction contracts (China Yankee and Dry Fork contracts). Thereafter, on March 22, 1991, plaintiff filed a second complaint, No. 91–1033C, in which he apparently seeks damages arising under the same contracts (*i.e.*, same set of facts) referenced in the earlier case. These cases were subsequently consolidated on March 10, 1992, and defendant moved to dismiss on July 2, 1992, for failure to prosecute in accordance with the rules of this court. For all of the reasons detailed hereinafter, defendant's motion to dismiss is granted with prejudice.

These cases are dismissed pursuant to defendant's motion because of numerous unexplained instances where plaintiff has failed to comply with and respond to this court's lawful orders. Defendant alleges 10 instances occurring in the two cases filed by the plaintiff where he has unjustifiably, if not contumaciously, disregarded this court's orders and requested extensions that plaintiff subsequently failed to meet. On two occasions, the plaintiff, without justification, delayed the court for more than four months in his failure to timely respond, and in all other circumstances, the court has, to this date, not received compliance nor a response from the plaintiff.

*Case No. 583–88C*

1. On March 6, 1989, plaintiff filed a motion for leave of court to file an amended complaint. Said motion was allowed on March 17, 1989. As of April 17, 1989, plaintiff had not filed said amended complaint; thus, the court ordered plaintiff to do so by April 28, 1989. On May 3, 1989, plaintiff filed a motion to extend the date for filing the amended complaint to June 28, 1989. The court allowed said motion on May 15, 1989. Plaintiff, however, failed to file his amended complaint by June 28, 1989, and the court, in turn, issued an order on July 6, 1989, requiring plaintiff to file his subject complaint forthwith, and if he failed to do so, the court would entertain a motion to dismiss for lack of prosecution. On August 7, 1989, over four months after plaintiff's motion for leave to file his amended complaint was allowed, plaintiff filed said amended complaint.

2. On February 22, 1990, defendant filed a motion to dismiss, or in the alternative, a motion for summary judgment. Plaintiff failed to respond to said motions within the period prescribed by the rules, *i.e.*, RUSCC 83.2(c), but on April 30, 1990, he filed a motion to stay proceedings for 60 days, until July 25, 1990, to reply to defendant's motion, which the court granted on May 25, 1990. However, plaintiff failed to respond to the motion to dismiss at the expiration of the stay, and on August 2, 1990, the court ordered the defendant to file a motion to dismiss for want of prosecution by August 17, 1990. On August 9, 1990, plaintiff moved to deny defendant's motion to dismiss only. Plaintiff, although filing his purported response to defendant's motion to dismiss of February 22, 1990, in an untimely manner, never responded to the defendant's alternative motion for summary judgement. Following various procedural matters, on February 3, 1992, the court ordered plaintiff to respond to the motion for summary judgment by February 21, 1992, and the defendant to file its reply thereto by February 28, 1992. Plaintiff failed to respond to this order. Finally, on March 23, 1992, the court again ordered plaintiff to respond to defendant's motion for summary judgment of February 22, 1990, in case No. 583–88C, by May 12, 1992, 25 Cl.Ct. 462. Plaintiff has continuously failed to respond, and an order of June 23, 1992, noted that the court would entertain a motion by defendant for want of prosecution by July 23, 1992.

3. On November 6, 1990, the court issued an order requiring the parties to participate in a telephonic status conference on November 19, 1990. Therein, the court also ordered plaintiff to provide the court,

---

**1.** Plaintiff alleged that the government wrongfully altered his bid, that is, it unilaterally modified his bid without first seeking verification and authorization from the plaintiff and, as a result of this action, he was not awarded these contracts.

by November 15, 1990, a telephone number where he could be reached for the purpose of conducting said status conference. Plaintiff failed to comply with that order and was, thus, unavailable for the status conference. The court thereafter, on November 20, 1990, issued an order to the effect that oral argument on plaintiff's multiple motions (Plaintiff's Motion For Subpoena *Duces Tecum*, Plaintiff's Motion to File a Second Amended Complaint, and Plaintiff's Motion for Sanctions) that were currently before the court would be held on December 7, 1990. The court again ordered the plaintiff to advise the court by November 30, 1990, of a telephone number where he could be reached in the future, and further ordered him to notify the court with respect to whether plaintiff would prefer to appear in person or via telephone for the December 7, 1990 hearing. Plaintiff, again, failed to comply with the court's order.

4. On December 7, 1990, the court, granting plaintiff substantial deference, reset the oral argument date to January 7, 1991, and plaintiff's deadline to comply with the order of November 20, 1990, was extended to December 31, 1990. Said order was served on plaintiff by certified mail, return receipt requested. On January 7, 1991, the court received the December 7, 1990 order back unclaimed by plaintiff.

5. Due to the foregoing facts, the court, on January 9, 1991, denied plaintiff's then pending motions (motion for subpoena *duces tecum*, motion for leave to file second amended complaint, and motion for sanctions) for want of prosecution. The plaintiff then filed, on January 24, 1991, with leave of court, a notice of exception to the court's denial of the pending motions. In plaintiff's exception, he objected to the court's requiring that he provide a telephone number where he could be contacted, noting that "plaintiff is not wunder [sic] house arrest by this court, does not have a telephone, and thus cannot comply...." (Plaintiff's Notice of Exception, January 24, 1991). Plaintiff also noted his excep-

tion to the scheduling of a conference on November 20, 1990, allegedly without his knowledge. To complete the record, the court ordered defendant to respond to the notice by February 7, 1991, and the plaintiff to respond thereto by February 21, 1991. Defendant filed its response to the notice on February 8, 1991. Plaintiff's time to respond was later extended to March 15, 1991, by court order filed March 1, 1991, but plaintiff failed to file any reply. The court consequently deemed said notice of exception to be abandoned, and denied it on April 4, 1991.

6. Approximately one year later, on February 12, 1992, the court again ordered plaintiff to provide a telephone number where he could be reached for a scheduled telephonic hearing on February 18, 1992, regarding related matters herein. Said order was sent on February 12, 1992, via Federal Express overnight delivery. Plaintiff again failed to comply with the court's order and, therefore, failed to appear telephonically at the hearing.

7. The court then issued a second order, on February 19, 1992, resetting the date for said hearing for March 16, 1992, and again ordered plaintiff to provide a telephone number where he could be reached. The order was sent via Federal Express overnight delivery. Again, the plaintiff failed to comply with the court's order and was, therefore, unavailable for the rescheduled hearing of March 16, 1992.

*Case No. 91–1033C*

This complaint was originally filed on March 22, 1991. For reasons previously noted, this case, *i.e.*, No. 91–1033C, and case No. 583–88C, were consolidated pursuant to defendant's motion of March 5, 1992, and was assigned to the undersigned on March 10, 1992.[2] Subject complaint sought damages arising from the same road construction contracts previously discussed under docket No. 583–88C. In this case, there were four instances, as alleged by the defendant, that the plaintiff, without

---

2. This case was originally assigned on March 22, 1991, to the Honorable Judge Lawrence S. Margolis.

just cause, disregarded the court's orders, both before and after the case was consolidated with case No. 583–88C.

8. Defendant, on July 3, 1991, filed a motion to dismiss this case, premised on the statute of limitations, and under RUSCC 81(d)(8), which requires a corporation to be represented in this court by counsel. Pursuant to RUSCC 83.2(c), plaintiff was required to respond within 28 days (plus 3 days for mailing) after service of the motion. On October 24, 1991, three and one-half months later, in an order to show cause, the court ordered a response by plaintiff to said motion by November 28, 1991. Plaintiff amended his complaint on November 13, 1991, but still failed to respond to defendant's motion to dismiss and the court's order.

9. Given the foregoing, on December 13, 1991, the court again ordered plaintiff to respond to defendant's July 3, 1991 motion to dismiss, by January 13, 1992. Plaintiff has failed to respond or to proffer any explanation for such failure, while at the same time, on January 14, 1992, filing a motion for the production of certain documents.

10. On May 12, 1992, the court ordered the plaintiff to file a response to the motion to dismiss (case No. 91–1033C) filed on July 3, 1991, no later than June 15, 1992, which date is almost one year after the motion was filed. The plaintiff failed to respond thereto or to express a reason for such failure.

In the order of May 12, 1992, the court noted that any subsequent failure by plaintiff to respond would be treated as an "adverse admission on the part of the plaintiff and the court shall appropriately rule based upon that assumption." The court admonished the plaintiff for his failure to obey court orders and for forcing it to exceed reasonable bounds of latitude normally extended to *pro se* plaintiffs. The court also warned the plaintiff that it would not permit any further lack of cooperation or condone any failure to respond in the future. Plaintiff, nevertheless, ignored the court's order to respond to defendant's motion to dismiss of July 3, 1991, now 10 months later.

In view of the foregoing, on June 23, 1992, the court noted that it would entertain a motion to dismiss by defendant for plaintiff's continuous failure to prosecute. On July 2, 1992, the defendant, therefore, filed its Motion To Dismiss for Plaintiff's Failure To Prosecute, in which it averred all of the foregoing facts and requested the court to dismiss these cases. Not surprisingly, plaintiff has even failed to respond to this motion or to explain such failure. Plaintiff's continued blatant disregard for this court's orders can no longer be tolerated.

## Discussion

We view the dispositive questions to be— whether, given these facts, sound discretion warrants the granting of Defendant's Motion to Dismiss For Failure to Prosecute, or whether the grant of such motion would amount to an abuse of discretion.

The threshold basis for defendant's motion is RUSCC 41(b), which is substantially similar to Rule 41(b) of the Federal Rules of Civil Procedure, and which provides, in pertinent parts, as follows:

> For failure of the plaintiff to prosecute or to comply with ... *any* order of court, the court may dismiss on its own motion or defendant may move for dismissal of an action or any claim....

(emphasis added).

Case law interpreting RUSCC 41(b) teaches that a ruling founded thereon shall be determined on a case-by-case fact-based analysis grounded on the sound discretion of the trial judge. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The court must focus its consideration of the issue(s) on its duty to protect and to further the integrity of an orderly and speedy pursuit of justice in exercising its discretion. *Id.* Dismissal is an exceedingly drastic action, and care must be taken in such cases as this, where a plaintiff is *pro se* and is somewhat unfamiliar with the proper conduct of court proceedings. However, where careful consideration and indulgence have been graciously extended to such a plaintiff and the

court still determines that the level of disobedience to the court's orders rises beyond the level of leniency reasonably granted to such a plaintiff, and where the court determines that dismissal will further the interests of all would-be litigants, the court may order dismissal. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). In this respect, we are fully mindful of what the court in *National Hockey League* stated:

> ... the most severe in the spectrum of sanctions provided by statute or rule must be available ... in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent....

427 U.S. at 643, 96 S.Ct. at 2781.

In the present case, plaintiff's inexperience or misunderstanding as to court procedure does not justify his continuous recalcitrant behavior. In short, his inaction defies common sense. In both of his cases, plaintiff has repeatedly ignored court orders and has tried the court's patience with five requests for a telephone number and over five requests that he respond to defendant's pleadings. Plaintiff has similarly ignored dispositive motions and delayed the court for over two years without providing his cases even minimal attention. This was done by refusing repeatedly to respond to defendant's dispositive motions and by thwarting any attempt by the court to set up out-of-court status conferences and hearings.[3] While plaintiff is not required to maintain his own telephone, it is not unreasonable to require plaintiff to provide the court with a number where he can be reached at an appointed time to conduct formal proceedings.

As this court has stated in *White Mountain Apache Tribe v. United States*, 5 Cl. Ct. 288 (1984), involuntary dismissal, for failure to comply with the court's orders, shields the court from the intolerable circumstance that would obtain if "parties [were] free to pick and choose which of the court's orders they will obey."

The United States Supreme Court, in a similar case on involuntary dismissal, affirmed the lower court's dismissal, essentially holding that the trial court's findings did not rise to the level of abuse of discretion. *Link v. Wabash*, 370 U.S. at 633, 82 S.Ct. at 1390. The Court applied a totality-of-the-circumstances approach. *Id.*, at 634, 82 S.Ct. at 1391.

It is clear from the facts of these cases that the totality of the circumstances are more than sufficient for this court to exercise its discretion and dismiss them with prejudice. In *Kadin Corp. v. United States*, 782 F.2d 175 (Fed.Cir.), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986), the Court of Appeals for the Federal Circuit (CAFC) affirmed a dismissal with prejudice, *sua sponte*, for failure to prosecute, where the plaintiff responded to the court's show cause order just one day after the due date. The CAFC noted that, although dismissal was a harsh sanction, the Claims Court had not abused its discretion because plaintiff had "repeatedly, and without valid justification ignored both court imposed deadlines and court rules." *Kadin*, 782 F.2d at 176.

*Conclusion*

Here plaintiff has repeatedly and continuously, throughout the four-year history of this litigation, ignored this court's unambiguous orders and the pleadings of his opponent. No explanation for this inexcusable conduct has been offered. For these reasons, we wholeheartedly agree with the court in *Kadin Corp. v. United States*, 782 F.2d at 177, *quoting Automated Datatron, Inc. v. Woodcock*, 659 F.2d 1168, 1170 (D.C.Cir.1981), wherein it stated:

> If [Claims Court] judges are to discharge their heavy responsibilities effectively, their power to dismiss, in situations such as the one before us, must be more than theoretical.

Since plaintiff was given every reasonable opportunity to respond to the court, and

---

3. Telephonic conferences are provided to spare plaintiffs the expense and inconvenience of traveling to Washington, D.C., where defendant and the court reside.

has failed on practically every account to do so, we find more than adequate grounds to grant defendant's motion, given the totality of the circumstances. Therefore, defendant's motion to dismiss for failure to prosecute is hereby granted. The Clerk shall enter the judgment dismissing the complaints with prejudice. No costs.

IT IS SO ORDERED.