**Marguerite Margaret Smith LEWIS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 93–486T.**

United States Court of Federal Claims.

July 27, 1994.

Marguerite Margaret Smith Lewis, pro se.

Jay G. Philpott, Jr., Washington, DC, with whom was Asst. Atty. Gen., Loretta C. Argrett, for defendant.

## ORDER

REGINALD W. GIBSON, Judge.

■ This pretrial issue is before the court on defendant's motion to dismiss, filed on February 7, 1994, pursuant to RCFC 41(b). Defendant alleges that *pro se* plaintiff, through her inactions and omissions, has failed to prosecute this case appropriately and/or comply with the rules and orders of this court. In view of such, the court grants defendant's motion, for the reasons explicated hereinafter, and dismisses plaintiff's complaint with prejudice.

*Facts*

On August 4, 1993, plaintiff, acting *pro se*, filed a document with this court naming both the "United States Claims Court" and the "United States Internal Revenue Service" as defendants. While said document is not facially clear, it appears to the court that plaintiff seeks a refund for erroneously paid taxes relating to certain individual retirement accounts. Plaintiff claims that she established "SEP IRA and several IRA for me and my family," and that she has "kept in touch with the proper departments but seem[s] to be having difficulties with the discharge of funds due to us." She also alleges that "this COURT and the INTERNAL REVENUE SERVICE, thru [sic] error has let a REAL PROPERTY THEFT continue for years." Plaintiff further requests that the court "refer to Rule 56c" (summary judgment) and asks "for the sum of MY reversionary political subdivision and Pension Plan Disbursement." Notwithstanding the foregoing, the court, in extending the optimum degree of deference to *pro se* plaintiff, has treated this document as a duly filed complaint.

On September 29, 1993, in view of the vague and obscure contents of the aforesaid complaint, defendant moved for a more definite statement. Defendant claimed that, given the incomprehensible nature of the so-called complaint, it was unable to frame a responsive pleading because plaintiff had

failed to include the minimal information in her complaint required for tax refund suits pursuant to Rule 9(h)(6). Defendant also expressed concerns over the sufficiency of the complaint, averring as follows:

... the Internal Revenue Service[,] recently advised our trial attorney that it finds the complaint "incomprehensible." The Service is also of the opinion that the complaint lacks allegations sufficient to determine whether this action might be construed as a refund litigation suit, and that it sees "no allegations sufficient to even raise the possibility of jurisdiction" resting in this Court.

(Defendant's Motion For More Definite Statement at 2.) In addition, defendant claimed that it requires specific information to respond to the "Notice of Federal Tax Lien Under Internal Revenue Laws" attached to the complaint. Finally, defendant further noted the total inadequacy of the information included in the complaint, claiming as follows:

Paragraphs 1 and 4 of the complaint (obliquely referring to pension plan disbursements?) and the Forms 5498 (Individual Retirement Arrangement Information) attached to the complaint, do not provide defendant sufficient intelligible information respecting any theory of plaintiff's which might support a cognizable and colorable claim for monetary relief against defendant over which this Court might have jurisdiction. Moreover, we lack information respecting any administrative procedures undertaken by plaintiff, and the responses of the Internal Revenue Service thereto, respecting an alleged monetary claim against the United States....

(Defendant's Motion For More Definite Statement at 2–3.)

Against this background, the court granted defendant's motion by order dated September 30, 1993, and directed plaintiff to "file a more definite statement regarding the matters contained in defendant's motion within 10 days of the date of this order."

Upon the expiration of the 10 days allowed in the order, plaintiff failed to file the ordered more definite statement. Thus, on October 27, 1993, the court issued a second order on the matter, directing plaintiff as follows:

... the plaintiff shall file her more definite statement on or before November 15, 1993, or the court will entertain a Rule 41(b) motion by defendant to dismiss this case for plaintiff's failure to prosecute and to comply with the rules and orders of this Court.

(Order of the Court, October 27, 1993).

In response to the second order regarding the filing of a more definite statement, plaintiff, two days after the due date, on November 17, 1993, submitted a document entitled "Response to the Order of Judge Gibson." That document was returned to plaintiff by the Clerk of the Court on November 19, 1993, at the direction of the court, for certain defects. In an effort to aid the *pro se* plaintiff, the Clerk of the Court attached a copy of the applicable rules to the return notice, which directed plaintiff to correct the defects and resubmit the document on or before December 6, 1993.

Plaintiff failed to resubmit the corrected document by the December 6, 1993 deadline. Moreover, as of January 7, 1994, she had still not resubmitted the corrected document, prompting the court to invite the "defendant ... to file, on or before February 7, 1994, a Rule 41(b) motion to dismiss for failure to prosecute and to comply with the rules and orders of this Court." (Order of the Court, January 7, 1994.)

On February 7, 1994, defendant filed a motion to dismiss for failure to prosecute and to comply with the rules and orders of the court, pursuant to Rule 41(b), and for "plaintiff's failure to submit any information which would present even a colorable argument that the Court has jurisdiction over the subject matter, or that plaintiff has stated a claim upon which relief may be granted by this Court." (Defendant's Motion to Dismiss at 1.) Defendant stated that "... there can be no dispute but that the complaint is incomprehensible on its face," (*Id.*) and requested that the complaint be dismissed with prejudice. (*See generally* Defendant's Motion to Dismiss.) The court ordered that "[p]laintiff's response ... be filed with the

court (and served on defendant's counsel) on or before March 10, 1994." (Order of the Court, February 23, 1994.)

On February 28, 1994, however, plaintiff submitted a document entitled "Remand." That document also was returned to plaintiff unfiled by the Clerk of the Court on March 4, 1994, at the direction of the court, for certain defects.

The March 10 deadline passed without plaintiff filing a responsive opposition to defendant's motion to dismiss. However, on March 17, 1994, the court received plaintiff's motion for an enlargement of time, which was treated as relating to the defendant's motion for a more definite statement and motion to dismiss. On April 14, 1994, the court granted said motion, extending further deference to *pro se* plaintiff. The court's order thereon stated as follows:

> In light of the fact that defendant did not file an opposition to the motion, and the primary fact that plaintiff is appearing *pro se,* and apparently pursuant to an obvious and substantial impediment, she is hereby granted 30 days from the date of this order, *i.e.,* to and including May 16, 1994, to file her response to Defendant's Motion To Dismiss (filed and served on plaintiff February 7, 1994).

(Order of the Court, April 14, 1994.) Following thereon, plaintiff then filed (or refiled) the document entitled "Remand," with corrections, on April 25, 1994. In the document entitled "Remand," plaintiff averred as follows:

> THE UNITED STATES OF AMERICA GUILTY OF being in DEFIANCE of the SHERMAN ANTI–TRUST ACT AS WELL AS THE CLAYTON ACT.

(Plaintiff's "Remand," April 25, 1994, at 4.) In addition, plaintiff advises the court that "PROOF thru [sic] recent FILINGS and ACTIVITY have been placed in your possession by the OWNER, THE PLAINTIFF," and avers that "[j]ust a Personal Touch should when received by you should been [sic] applied to your efforts to clearify [sic] your position." (*Id.* at 4–5.) She further states that—

> I have enough intelligence to recognize that I am being DEFRAUDED with the help of the UNITED STATES GOVERNMENT of a particular department.
>
> At this time, I rest my case for a SOUND REMANDED JUDGEMENT.
>
> ALL EVIDENCE NEEDED FOR PROOF OF ILLEGAL ACTIVITIES IS IN TO YOU AND SINCE I AM NOT A JUDGE TO CORRECTLY TO PROSECUTE IT IS IN HIS HANDS TO MAKE THE DECISION. THESE ARE FEDERAL VIOLATIONS AND I HOPE THAT THEY WILL BE RECEIVED ACCORDING [TO] THE RULES AND REGULATIONS.

(*Id.* at 5.)

Plaintiff filed another document, entitled "Answer to Order of Judge Reginald Gibson," on May 23, 1994, in which plaintiff states as follows:

> I can't recall writing that I was thinking about asking for an ENLARGEMENT but I recall stating that I was thinking about asking for one. Reason for not asking for one is that this SIMPLE CASE HAS GONE ON LONG ENOUGH. It would be different if much research was necessary. The ownership has been established and further a due is unnecessary. EVIDENCE PRESENTED IS NOT HEARSAY BUT FACTUAL.

(Plaintiff's "Answer to Order of Judge Reginald Gibson, May 23, 1994," at 3.) In that document, plaintiff also states that:

> I can hardly believe the UNFAIRNESS of the COURT in cooperating with thieves in the establishment of the two COOPERATIVES they BUILT on MY PROPERTY. I thought that in cases like this you would be able to distinguish right from wrong. I have OWNED THAT PROPERTY FOR YEARS AND PAID TAXES FOR MANY YEARS IN ADVANCE.
>
> Needless to say you have quite a job cut out for you in this case alone and I can imagine I am not alone.
>
> \*     \*     \*     \*     \*     \*
>
> If you are so anxious to dismiss the case I don't want to hear anything more about

the case. AND I THANK FOR NOTH-ING.

*(Id.)*

After reviewing the foregoing, the court ruled that neither the document entitled "Remand" nor the document entitled "Answer to Order of Judge Reginald Gibson" "is characterized as a response to a motion for a more definite statement or as an opposition to defendant's motion to dismiss." (Order of the Court, May 23, 1994, at 2.) In view of such, the court ordered plaintiff to file a response on or before June 13, 1994. The court warned plaintiff that if she failed to do so, it would "on or before June 20, 1994, summarily dismiss plaintiff's complaint under Rule 41(b) for failure to prosecute." *(Id.)*

Plaintiff's document entitled "Response to the Order of Judge Gibson," was filed on June 22, 1994, nine days after the court's ultimate deadline. In said document, plaintiff claims that because "it has been a total failure of me to make you understand what I have written to you," she will not "TRY TO WRITE AS COMMON AND ORDINARY PERSONS DO BUT TO USE QUOTATIONS FROM THE BOOK PUBLISHED BY THE FEDERAL GOVERNMENT...." She then quotes several passages from "THE BOOK PUBLISHED BY THE FEDERAL GOVERNMENT...." *(See generally* Plaintiff's "Response to the Order of Judge Gibson," June 22, 1994, at 3–4.)

At present, plaintiff has filed seven documents with the court. Notwithstanding all of the foregoing, plaintiff, to date, has failed to understandably respond to either defendant's motion for a more definite statement or defendant's motion to dismiss. Plaintiff has missed five deadlines, and the court has extended those deadlines three times. In addition, plaintiff was warned twice that failure to comply with the rules and orders of the court would result in dismissal under RCFC 41(b).

*Discussion*

On February 7, 1994, defendant filed a motion for dismissal under RCFC 41(b). Defendant now seeks, in view of all of the foregoing, to cause this court to dismiss plaintiff's complaint, under RCFC 41(b), for failure to prosecute and to comply with the rules and orders of the court. Therefore, the issue before the court is—whether plaintiff's omissions, taken in light of her *pro se* status, constitute an egregious failure to prosecute and/or a failure to comply with the rules and orders of the court. In its motion to dismiss, defendant contends that plaintiff has failed to prosecute or comply with the rules and orders of the court because (1) the original complaint was incomprehensible, and (2) plaintiff has yet to file a response to the court's order granting defendant's motion for a more definite statement. Additionally, while plaintiff has filed several obscure and vague documents in this matter, she has failed to file a responsive document that specifically addresses defendant's Motion to Dismiss.

RCFC 41(b) provides as follows:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, the court may dismiss on its own motion or defendant may move for dismissal of an action or any claim. Unless the court in its order for dismissal otherwise specifies, a dismissal under subdivision (b) of this rule and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

■ Dismissal under Rule 41(b) is justified when a plaintiff "repeatedly and without valid justification ignore[s] both court-imposed deadlines and court rules." *Kadin Corp. v. United States,* 782 F.2d 175, 176 (Fed.Cir.1986). *See also Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601 (7th Cir.1986) (dismissing an action, in part, because plaintiff failed to respond to a motion to dismiss).

■ While a *pro se* plaintiff is accorded leniency by the court in matters of procedure, *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), she is not insulated from dismissal under Rule 41(b). In determining whether to dismiss a *pro se* plaintiff who has failed to comply with court rules or orders, the court should keep the following in mind:

Dismissal is an exceedingly drastic action, and care must be taken in such cases as

this, where a plaintiff is *pro se* and is somewhat unfamiliar with the proper conduct of court proceedings. However, where careful consideration and indulgence have been graciously extended to such a plaintiff and the court still determines that the level of disobedience to the court's orders rises beyond the level of leniency reasonably granted to such a plaintiff, and where the court determines that dismissal will further the interests of all would-be litigants, the court may order dismissal. . . .

*Huffine v. United States,* 26 Cl.Ct. 688, 691–92 (1992). In *Huffine,* the *pro se* plaintiff repeatedly failed to comply with the court's unambiguous orders. The court dismissed that action, ruling as follows:

Since plaintiff was given every reasonable opportunity to respond to the court, and has failed on practically every account to do so, we find more than adequate grounds to grant defendant's motion, given the totality of the circumstances. . . .

*Id.* at 692–93. Failure to comply with a court order to resubmit a document that has been returned as defective, or else face dismissal under Rule 41(b), is also sufficient grounds for dismissal. *See Brown v. United States,* 22 Cl.Ct. 211 (1990).

In the action at bar, the court unquestionably has granted plaintiff more than a modicum of leniency. In several instances, when plaintiff failed to meet a deadline imposed by an order of the court, the court granted her an extension to comply with the order. In addition, when the court issued an order to plaintiff, it outlined generally what the plaintiff must do, and when she must do it, to satisfy the order. When plaintiff submitted defective documents, the court outlined what corrections needed to be made, and, at one point, included a copy of the applicable court rules with the order. Furthermore, the court informed plaintiff, by orders issued October 27, 1993, and May 23, 1994, that failure to comply would result in the court entertaining or granting a motion to dismiss under Rule 41(b). At each step in the process, the court has kept plaintiff apprised of her status and obligations in this matter.

Plaintiff, on the other hand, has obviously failed to demonstrate a good faith effort to comply with the rules and orders of the court. Plaintiff has failed to satisfactorily meet deadlines set five times by the court. Furthermore, when she submitted documents pursuant to a court order, two out of four times the court returned the documents as defective. On one occasion, plaintiff failed to resubmit a corrected version of the defective document, as directed by order of the court. Each of the documents plaintiff actually filed with the court are confusing, vague, and unresponsive at best, and none could be construed to be a complaint, or a response to defendant's motion for a more definite statement or motion to dismiss, pursuant to the court's orders.

In light of her *pro se* status, the court has given plaintiff more than ample opportunity to comply with the rules and orders of the court, and she has failed to do so. The documents submitted by plaintiff have been largely incomprehensible, and neither the court nor defendant has been able to glean an allegation of a claim from them. In each document, plaintiff's statements are illogical, bordering on incoherent, and charged with emotion. Plaintiff has failed to present an argument as to why she is entitled to judgment, or the amount of compensation sought. There appears to be, from the foregoing, a possible problem of diminished capacity. Furthermore, as plaintiff has failed to comply with direct and explicit orders of the court concerning her filing, it is apparent she cannot understand that which is required of her in this case. Her failure to comply with the orders of the court, in conjunction with the character of the documents she has filed, indicates to the court that plaintiff's difficulties in prosecuting her claim would continue in a similar and sustained fashion. Proceeding further in this action, in view of all of the foregoing, would clearly impose an unfair burden on defendant and the court. Moreover, the court has considered the propriety of a less drastic sanction; however, we find that, on this record, no other solution short of dismissal can remedy the serious prejudice to the defendant. *Lebbos v. Heinrichs,* 696 F.Supp. 1279, 1285 (N.D.Cal.1988). There-

fore, defendant's motion to dismiss for failure to prosecute and to comply with the rules and orders of the court must be granted.

*Conclusion*

For all of the reasons stated above, defendant's motion to dismiss under Rule 41(b) for failure to prosecute and to comply with the rules and orders of this court is hereby GRANTED, and plaintiff's complaint is hereby dismissed *with prejudice*. The Clerk shall enter judgment accordingly. No costs.

IT IS SO ORDERED.