Drake, Cb. J.,
delivered tbe opinion of tbe court:
By tbe Act lUh February, 1865, “ for tbe relief of Alexander J. Atocha,” (13 Stat. L., 595,) this court was directed to examine into tbe claims of said Atocha against the government of *70 Mexico for losses sustained by liim by reason of his expulsion from that republic in 1845; and if of opinion that said claim was a just one against Mexico when the treaty of 1848 was ratified, and was embraced by said treaty, this court should fix and determine the amount of the same; and the loss or damage so sustained, being adjudicated and determined by this court, should be paid to said Atocha-, not exceeding the balance of the three and a quarter millions of dollars, provided by the fifteenth article of said treaty for the i>ayment of claims of the citizens of the United States against the governmentof Mexico, which still remains unapplied to that object.
In pursuance of that act this suit was brought.
At the present term of this court a petition is presented by one Juan Eondero, a citizen of Mexico, claiming that the said Atocha, on the 2d of June, 1848, being largely indebted to him, executed, in due and legal form, according to the laws of Mexico, before a notary public of the city of Mexico, an assignment of all of his said claim, or claims, against the republic of Mexico, for which the United States had, by reason of the treaty of Guadalupe Hidalgo, become responsible, and bound to pay the said Atocha ; and praying that, in virtue of said assignment, the said Eondero may be made a party on the record in this case, and allowed to prosecute his said claim, as assignee of Atocha, and that a judgment may be entered in his favor for the amount found due to Atocha.
The question is, whether Eondero can be allowed to file this petition.
Waiving all points of form under the rules of this court, and regarding the matter in its substance, as presented in the petition of Eondero, the motion for leave to file the petition must be overruled, upon the following grounds:
1. The claim of Atocha, being merely for damages sustained by him by tortious acts done by Mexico, is not, at the common law, capable of passing by assignment. Comegys v. Vasse, (1 Peters, p. 193.)
2. The petition does not aver that, under the law of Mexico, such a claim is assignable.
3. If it did so aver, still the assignee of a claim for unliquidated damages founded on tort cannot sue in this court. Sines v. United States, (1 C. Cls. R., p. 12.)
4. The act referring the case of Atocha to this court, being a *71 private act, must be strictly construed, and cannot be held to confer any other jurisdiction than that plainly indicated by its terms. Those terms include only, 1. An examination into the claim of Atocha against the government of Mexico, for losses of a particular description; 2. A decision of the question whether his claim was a just one against Mexico when the treaty of 1848 was ratified; 3. A decision of the question whether, if found just, it was a claim embraced by that treaty; and 4. If these points be decided in his favor, then a fixation and determination of the amount of his claim. Beyond or aside from these points we cannot go. They do not include authority to pass upon or consider any assignment of his claim, and we can therefore take no cognizance of any such assignment.
The motion is overruled.