**DUNKIN' DONUTS OF AMERICA, INC., Appellant,**

v.

**METALLURGICAL EXOPRODUCTS CORPORATION, Appellee.**

No. 87–1649.

United States Court of Appeals, Federal Circuit.

March 8, 1988.

Donald A. Kaul, Brownstein Zeidman and Schomer, Washington, D.C., for appellant.

John M. Webb, Webb, Burden, Robinson & Webb, P.A., Pittsburgh, Pa., for appellee.

Before BISSELL and ARCHER, Circuit Judges, and NICHOLS, Senior Circuit Judge.

BISSELL, Circuit Judge.

Dunkin' Donuts of America, Inc. (DDA) appeals the decision of the Patent and Trademark Office Trademark Trial and Appeal Board (Board), *Dunkin' Donuts of America, Inc. v. Metallurgical Exoproducts Corp.,* Opposition No. 69,533 (June 16, 1987), granting Metallurgical Exoproducts Corporation's (MEC) motion for summary judgment. We vacate and remand.

## BACKGROUND

MEC applied to register the mark DUNKING DONUT as a trademark for "chemical deoxidizers, fluxing agents, and alloying compounds for ladle additions to molten metal." DDA opposed registration of the mark under section 2(a) of the Lanham Act, 15 U.S.C. § 1052(a) (1982), arguing that it disparaged DDA's corporate name and falsely suggested a connection to DDA, and under section 2(d), 15 U.S.C. § 1052(d), asserting that the mark would be likely to cause confusion as to the source of the product.

In response, MEC denied the allegations in DDA's opposition. On January 31, 1985, MEC submitted a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). MEC attached to this motion (1) copies of its two patents that describe the nature of the products on which MEC uses the DUNKING DONUT mark, and (2) copies of DDA's various trademarks and service marks.

On February 14, 1985, DDA filed an opposition to MEC's motion in which it argued, *inter alia,* that the Board should deny MEC's motion because there had not yet been an opportunity through discovery to gather the necessary evidence. DDA attached to its opposition an affidavit of a DDA senior vice president that (1) alleged the extensive renown of the DUNKIN' DONUTS mark as it relates to food products, (2) speculated that granting the DUNKING DONUT mark for chemical products could cause confusion as to the source of MEC's products, and could damage the goodwill associated with DDA, and (3) maintained that DDA did not yet possess sufficient facts to determine or prove these matters.

On February 19, 1985, the Board informed the parties that it would treat MEC's motion as one for summary judgment under Fed.R.Civ.P. 12(c). More than two years later, on June 16, 1987, the

Board granted summary judgment for MEC. Subsequently, DDA appealed.

### ISSUES

Whether the Board properly treated MEC's motion for judgment on the pleadings as a motion for summary judgment.

2. Whether the Board erred in denying DDA's section 2(a) and section 2(d) claims by failing to permit DDA to engage in adequate discovery.

### OPINION

### I

■ Federal Rule of Civil Procedure 12(c), made applicable to the Board by 37 C.F.R. § 2.116(a) (1987), states that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to ... the [Board], the motion shall be treated as one for summary judgment...." This is precisely what the Board did here.

The decision of our predecessor court in *Exxon Corp. v. National Foodline Corp.*, 579 F.2d 1244, 198 USPQ 407 (CCPA 1978) confirms the propriety of the Board's action. There a trademark applicant had requested the Board under Fed.R.Civ.P. 12(b)(6) to dismiss an opposer's notice of opposition for failure to state a claim. *Id.* at 1245, 198 USPQ at 408. To this motion, the applicant had attached an affidavit and several exhibits. *Id.* Because Fed.R. Civ.P. 12(b) directs that a motion for failure to state a claim, if filed with attachments, should be treated as a motion for summary judgment, the Board treated the motion at issue as one for summary judgment, and entered judgment as a matter of law for the applicant. On appeal, the Court of Customs and Patent Appeals expressly approved of this conduct, and also affirmed the Board's decision on the merits. *Id.* at 1245, 1249, 198 USPQ at 408, 412. In light of the foregoing authorities, we must hold that the Board correctly treated MEC's motion for judgment on the pleadings as one for summary judgment.

### II

■ The Supreme Court has made clear that summary judgment is inappropriate unless a tribunal permits the parties adequate time for discovery. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed. 265 (1986). As to DDA's section 2(a) and section 2(d) claims, evidence of MEC's intent is pertinent. *University of Notre Dame Du Lac v. J.C. Gourmet Food Imports Co.,* 703 F.2d 1372, 1374–78, 217 USPQ 505, 507–10 (Fed.Cir.1983). However, DDA has not had any opportunity to gather evidence through discovery on MEC's intent. In compliance with Fed.R. Civ.P. 56(f), moreover, DDA's affidavit stated that DDA could not present sufficient facts to prove its case without discovery. *See Sweats Fashions, Inc. v. Pannill Knitting Co.,* 833 F.2d 1560, 1566–67, 4 USPQ2d 1793, 1798–99 (Fed.Cir.1987). Therefore, the Board erred by prematurely granting summary judgment. We must vacate and remand for further proceedings.

**VACATED AND REMANDED.**