**NEW AMERICA SHIPBUILDERS, INC., et al., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 560–86C.**

United States Claims Court.

July 8, 1988.

William J. Huff, Pascagoula, Miss., for plaintiff.

Helene M. Goldberg, U.S. Dept. of Justice, Washington, D.C., for defendant, with whom was John R. Bolton, Asst. Atty. Gen., and David M. Cohen, Director.

## OPINION

ROBINSON, Judge.

This case is before the court on the defendant's motion for summary judgment filed pursuant to Rule 56(b) of the Rules of the U.S. Claims Court (RUSCC). Plaintiff, New American Shipbuilders, Inc., *et al.* (NASI), is a shipbuilding company which alleges that it has an implied-in-fact contract with the defendant to build three aids-to-navigation boats (ANB). In the alternative, plaintiff avers that the government should be estopped from denying the existence of a contract. In its motion for summary judgment defendant maintains that there is not an implied-in-fact contract and equitable estoppel does not apply. Plaintiff counters that the defendant's denial of Business Development Expense (BDE) funds was arbitrary and capricious, and that the court erred in suspending discovery. Defendant's motion for summary judgment is granted for the reasons discussed below.

### Facts

The Small Business Administration (SBA) sponsors the Section 8(a) Program, which is designed to aid disadvantaged persons in participating in high-tech industry. 15 U.S.C. Sections 631–633. Under the program, the SBA may, at its discretion, grant a Section [8](a) Program participant BDE funds to assist it in performing a program subcontract. 15 U.S.C. Section 637(a); 13 C.F.R. Section 124.1–4(a). However, acceptance into the program does not guarantee SBA financial assistance. Plaintiff, a multiracially-owned and operated shipbuilding company, was approved for participation in the Section 8(a) Program on or about October 21, 1983.

The SBA requested that the U.S. Coast Guard (USCG) reserve a requirement for three ANBs in support of plaintiff's business plan. In January 1984, plaintiff applied for BDE funds to assist it in performing the USCG contract. Representatives of SBA, USCG, and plaintiff participated in extensive contract negotiations. During the May 9 and 10, 1984 negotiations, SBA representative Robert Funches refused to commit the SBA to a grant of BDE funds requested by the plaintiff. Following these meetings, plaintiff met with the SBA regional administrator and revised its BDE request to improve its chances for approval.

At the final meeting between the parties on July 27, 1984, plaintiff was informed that review of its BDE request would begin immediately. On August 8, 1984, the plaintiff again reduced the amount of its BDE request. However, the SBA regional office denied plaintiff's request and forwarded it to the central SBA office for review. Robert Saldivar, Acting Associate Administrator, also denied plaintiff's request. The SBA's reasons for denial of plaintiff's request were: (1) BDE funds would provide almost all of plaintiff's capital base; (2) plaintiff was undercapitalized and its principals had not invested the $150,000 which they had promised to do; and (3) non-disadvantaged persons benefited more from the company than the disadvantaged person. When the USCG learned that plaintiff had been denied the BDE funds, it withdrew its planned procurement from the Section 8(a) Program.

In its complaint, plaintiff claimed that it has an implied-in-fact contract with the SBA, or in the alternative, that the government should be estopped from denying the existence of the contract. Defendant denied that the plaintiff had established the equitable estoppel and subsequently moved for summary disposition of the case. Plaintiff argued in its opposition brief that there are material issues of fact as to whether the SBA acted arbitrarily and capriciously in denying BDE funds, there exists an implied-in-fact contract, and the government is equitably estopped from denying the existence of the contract. In reply, defendant contended that the court lacks jurisdiction to review discretionary decisions of the SBA and reiterated its argument that the elements of an implied-in-fact contract and equitable estoppel are lacking.

### Discussion

Summary disposition requires that no genuine dispute exists as to any material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor ..." *Id.*, 477 U.S. at 255, 106 S.Ct. at 2513.

The movant has the burden of establishing that there is no material fact in dispute and that it is entitled to judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Molinaro v. Fannon/Courier Corp.*, 745 F.2d 651, 653–54 (Fed.Cir.1984). The party opposing the motion has the burden of showing sufficient evidence that there is a genuine issue of material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

In the instant case, the defendant has persuaded the court that its motion for summary judgment should be granted.

 The requirements of a contract implied-in-fact are identical to those of an express contract. There must be mutuality of intent and lack of ambiguity in offer and acceptance. *Pacific Gas and Electric v. United States*, 3 Cl.Ct. 329, 339 (1983) *aff'd.*, 738 F.2d 452 (Fed.Cir.1984); *Algonac Mfg. Co. v. U.S.*, 192 Ct.Cl. 649, 673–74, 428 F.2d 1241, 1255 (1970). Additionally, the contract must be supported by consideration. *Somali Development Bank v. United States*, 205 Ct.Cl. 741, 750–51, 508 F.2d 817, 822 (1974). The officer of the government must have had authority to contract on behalf of the government. *Pacific Gas and Electric v. United States*, 3 Cl.Ct. at 339; *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947). "Extensive negotiations in which the parties demonstrate hope and intent to reach an agreement are not sufficient in themselves to establish a contract implied-in-fact." *Pacific Gas and Electric v. United States*, 3 Cl.Ct. at 339. Under these standards, the facts in this case simply do not support the conclusion that there was an implied-in-fact contract.

 First, there was not an unambiguous offer. There must be an unambiguous promise to the offeree. *Kellerblock v. United States*, 219 Ct.Cl. 609, 611 (1979). Plaintiff maintains that the statements made by then Associate Administrator

Henry Wilfong to the USCG constituted an offer. However, plaintiff, not the USCG, was the offeree. A valid offer must have been made to the plaintiff.

Even if plaintiff had been able to show an offer had been made, there was no acceptance. Plaintiff does not set forth any evidence of intent to accept or conduct which indicates acceptance of the alleged offer. The mere fact that the plaintiff participated in contract negotiations with the SBA and USCG does not constitute an acceptance, in light of the fact that plaintiff's ability to perform the contract depended on approval of BDE funds. It is clear from the record that the plaintiff was repeatedly advised that final approval was necessary before the BDE request could be granted. Plaintiff's understanding of this is evidenced by the fact that after each meeting with SBA officials it reduced the amount of its BDE request in the hope of getting approval. Where an unexecuted contract is subject to approval by another, until that approval is given, there is no contract. *Wells v. United States*, 199 Ct.Cl. 324, 336, 463 F.2d 434, 441 (1972).

Plaintiff also has failed to show that consideration was given for the alleged contract. Plaintiff stated only that it had performed its obligations, but it did not identify them; nor did plaintiff describe any benefit to the United States. Lastly, the government did not receive any money to which the plaintiff has a right. *Somali Development Bank v. United States*, 205 Ct.Cl. at 750–51, 508 F.2d at 822.

A contract with the government must be made by an official with authority to bind the government. There appears to be some question as to the dollar amount of BDE the SBA's regional administrator had the authority to grant. Plaintiff has submitted the deposition of former Associate Administrator Henry Wilfong, which supports the proposition that the regional administrator could approve BDE requests up to $500,000. Plaintiff's Opposition Brief, App. 32. However, defendant relies on the applicable internal SBA regulation, which permits the regional administrator to approve BDE requests up to $350,000 only.

Defendant's Summary Judgment Brief, App. 2. If this were a material fact, then summary disposition would not be possible. However, since plaintiff has not proven any elements of an implied-in-fact contract, the court need not address whether the regional administrator had the authority to bind the government.

In sum, plaintiff has failed to support its contention that it had an implied-in-fact contract with the SBA.

Plaintiff argues in the alternative that defendant should be equitably estopped from denying the existence of the alleged contract. For the following reasons, this argument also fails.

■ First, it appears that the plaintiff is actually attempting to argue promissory estoppel. Plaintiff is trying to create a contract which does not exist. However, promissory estoppel applies to contracts implied-in-law, over which this court does not have jurisdiction. *Pacific Gas and Electric v. U.S.*, 3 Cl.Ct. at 340; *Algonac Manufacturing Co. v. U.S.*, 428 F.2d at 1255.

The doctrine of equitable estoppel is applied when a party attempts to prevent denial of a contract. *Pacific Gas and Electric v. U.S.*, 3 Cl.Ct. at 340. In this case, as there was no contract, equitable estoppel is inapplicable. Even if equitable estoppel could be applied, the elements are lacking in this case. The elements of equitable estoppel are: (1) the party to be estopped knows the facts; (2) that party must intend that its conduct shall be acted upon or act so the party alleging estoppel had a right to believe reliance was intended; (3) the party alleging estoppel must be ignorant of the facts; (4) the party alleging estoppel must rely upon the other's conduct to its detriment. *Id.*

■ The government did not tell plaintiff that its request was approved, but advised it that additional approval was necessary. Clearly, plaintiff was not ignorant of the facts. Since plaintiff was told that additional approval was necessary, plaintiff's reliance was not justified, and in any event, plaintiff did not show that it relied to its

detriment. To resist summary judgment, plaintiff must come forward with evidence to refute defendant's motion. *Celotex Corp. v. Catrett*, 477 U.S. at 317, 106 S.Ct. at 2548. In the instant case, plaintiff has failed to come forward with evidence which establishes the elements of equitable estoppel.

■ Finally, the government cannot be estopped by the unauthorized acts of its agents. *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. at 380, 68 S.Ct. at 1. As explained above, there is some question as to whether the regional administrator had the authority to bind the government. However, as plaintiff has failed to make out a case of equitable estoppel, the authority question is not a material fact.

■ Plaintiff argues in its opposition brief that the SBA's denial of its request was arbitrary and capricious. The court finds that it is without jurisdiction to address this argument.

■ Jurisdiction of this court must be based on a contract, statute, or regulation that mandates the payment of money. *U.S. v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). In this case, there was not an express contract, and plaintiff has failed to show that an implied-in-fact contract existed.

The statute which provides for subcontracts to small business concerns, 15 U.S.C. Section 637(a), does not mandate the payment of money by the SBA to Section 2[8](a) Program participants. The applicable regulation, 13 C.F.R. Section 124.1–4(a), provides for the grant of BDE funds to assist a Section 2[8](a) Program participant at the discretion of the SBA. This court has held that a "statute providing for solely discretionary payment of money does not give rise to a 'right to recover money damages from the United States.'" *Adair v. U.S.*, 227 Ct.Cl. 345, 349, 648 F.2d 1318, 1322 (1981), citing *Eastport Steamship Corp. v. U.S.*, 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1008–09 (1967). Since neither the regulation nor the statute mandates the payment of money, neither can be the basis for jurisdiction.

Accordingly, this court does not have jurisdiction over plaintiff's claim that the decision of the SBA was arbitrary and capricious because plaintiff has not proven the existence of an implied-in-fact contract, and neither the applicable statute nor the regulation mandates the payment of money.

In opposition to the defendant's motion for summary judgment, plaintiff avers that there is a genuine issue of fact as to whether the court erred and abused its discretion in ordering the suspension of discovery. Pursuant to RUSCC 12(i), the court in its discretion may suspend discovery for good cause shown pending filing of a Rule 56 motion. The defendant had persuaded the court that additional discovery during the briefing period was an unnecessary expenditure of resources. The court is aware of the recent decision of the Federal Circuit, *Dunkin' Donuts of America, Inc. v. Metallurgical Exoproducts Corp.*, 840 F.2d 917, 919 (Fed.Cir.1988), in which summary judgment was vacated because adequate time for discovery was not permitted. However, the instant case can be distinguished. Although this court suspended discovery, it did allow the plaintiff the opportunity to show that it required discovery to respond to defendant's summary judgment motion. *New American Shipbuilders, Inc. v. United States*, No. 560–86C (Cl.Ct. December 3, 1987) (order suspending discovery). The plaintiff did not even attempt to show at any time during the briefing period that discovery was necessary to respond to defendant's motion for summary judgment.

### Conclusion

The record indicates that there are no genuine issues as to any material fact. The facts, considered in the light most favorable to the plaintiff, do not support the requirements of an implied-in-fact contract or equitable estoppel. Also, this court does not have jurisdiction to review discretionary decisions of the SBA. Therefore, defendant is entitled to judgment as a matter of law. The court grants the defendant's motion for summary judgment. The Clerk

is directed to dismiss the complaint. No costs.