**Michael P. PAALAN, pro se, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 01–448C, 02–405C.**

United States Court of Federal Claims.

May 20, 2003.

Michael P. Paalan, Ft. Leavenworth, KS, pro se.

Richard P. Schroeder, Washington, DC, with whom was Assistant Attorney General Robert D. McCallum, Jr., for defendant. LCDR Greg Bowman, LT Art Record, Department of the Navy, of counsel.

### *ORDER*

MILLER, Judge.

This case is before the court on defendant's motion to dismiss the complaint in case No. 02–405C, and on plaintiff's motion for discovery pursuant to RCFC 56(f) in case No. 01–448C.

### FACTS

The facts in this case are recounted in *Paalan v. United States,* 51 Fed.Cl. 738 (2002) ("*Paalan I*"), and are incorporated herein by reference. Following this court's decision in *Paalan I*, plaintiff, on April 25, 2002, filed a second complaint in the United States Court of Federal Claims, case No. 02–

405C (the "second complaint"), which was consolidated with case No. 01–448C on July 3, 2002. Defendant moved for summary judgment on plaintiff's remaining claims in case No. 01–448C, and to dismiss plaintiff's claim in the second complaint. *See* Def.'s Br. filed Dec. 2, 2002.

In response to defendant's motion for summary judgment, plaintiff filed a brief on January 13, 2003, entitled "Combined *Limited* Reply to NCIS Agent New's Declaration in which Plaintiff Moves the Court To 'Strike' NCIS Agent New's Declaration from the Record, Pursuant to R.C.F.C. 12(f); or in the Alternative, To Grant Plaintiff Further Discovery, Pursuant to R.C.F.C. 56(f), To Adequately Respond in 30 Days After Receipt of Discovery to Defendant's Motion for Summary Judgment." In his January 13 brief, plaintiff moved for further discovery, pursuant to RCFC 56(f), "to adequately respond to the defendant's motion for summary judgment." *Id.* at 4. He also moved to strike the declaration of Rebecca New, Evidence Custodian, Naval Criminal Investigative Service Resident Unit in Charleston, South Carolina, dated November 7, 2002. *See id.* at 2–3. By order dated January 17, 2003, the court notified the parties that plaintiff's January 13 filing would be treated as a motion for discovery in aid of summary judgment under RCFC 56(f). The court therefore does not address plaintiff's motion to strike Agent New's declaration at this time.[1]

The court makes note of the fact that plaintiff is a *pro se* litigant, and as such the court accords him due leniency. Because plaintiff is a *pro se* litigant, the court holds his filings to a less stringent standard than pleadings filed by a member of the bar. *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). The United States Court of Claims approved of straining the court's "proper role in adversary proceedings to the limit, [to search the] lengthy record to see if [*pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United*

*States,* 188 Ct.Cl. 456, 412 F.2d 1285, 1292 (1969); *see also Forshey v. Principi,* 284 F.3d 1335, 1357 (Fed.Cir.2002).

However, the fact that plaintiff "acted *pro se* in the drafting of his complaint may explain its ambiguities, but does not excuse its failures, if such there be." *Henke v. United States,* 60 F.3d 795, 799 (Fed.Cir.1995). Although plaintiff is accorded leniency in presenting his case, his *pro se* status does not render him immune from the requirement that he plead facts upon which a valid claim can rest. *See, e.g., Ledford v. United States,* 297 F.3d 1378, 1382 (Fed.Cir.2002) (affirming dismissal of *pro se* plaintiff's complaint which sought, *inter alia,* tax refund); *Constant v. United States,* 929 F.2d 654, 658–59 (Fed.Cir. 1991) (sanctioning *pro se* plaintiff for filing frivolous appeal).

## DISCUSSION

### 1. *Motion to dismiss*

In his second complaint, plaintiff requests that the court "deliver to Plaintiff pays and allowances" for the period April 15, 1996, to May 31, 2001. Second Compl. ¶ V. Plaintiff argues that he is entitled to such pay because he alleges that it was included in his pretrial agreement with the Government. *Id.* at ¶¶ 6–8. Defendant has moved for dismissal of plaintiff's claim in his second complaint, *see* Def.'s Br. filed Dec. 2, 2002, at 9. Defendant argues that "[c]onsistent with the earlier opinion" in *Paalan I,* "this court should dismiss [the second complaint]." *Id.* at 10. Defendant's argument is based on the principle of *res judicata. See id.* at 9–10.

Plaintiff has not responded to defendant's motion to dismiss. *See* Order entered Aug. 22, 2002, ¶ 5 (ordering Clerk not to accept any pleading from plaintiff not specifically requested by order). Pursuant to RCFC 7.1(a), the court may rule on a motion without an opposing party's having filed a response or objection thereto. The Rules of

---

1. Defendant calls the court's attention to another motion which plaintiff failed to file with the court, but which defendant apparently received. *See* Def.'s Br. filed Feb. 26, 2003, at 2. Defendant attached the motion to its February 5, 2003 brief. The motion asks the court to strike the declaration of Nancy Bernard, an accountant for the Reconciliation Branch of the United States Navy, dated November 26, 2002. The court will not entertain this motion, because it was not filed with the court pursuant to RCFC 7(b)(1).

the Court of Federal Claims aim "to secure the just, speedy, and inexpensive determination of every action." RCFC 1. Because plaintiff's complaint is subject on its face to *res judicata,* these goals best can be met by ruling on defendant's motion to dismiss without entertaining a response by plaintiff. Therefore, the court rules on defendant's motion to dismiss plaintiff's claim in his second complaint.

■ The doctrine of *res judicata,* also known as claim preclusion, predicates that "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Under this doctrine "a second suit will be barred by claim preclusion if (1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first." *Jet, Inc. v. Sewage Aeration Sys.,* 223 F.3d 1360, 1362 (Fed.Cir. 2000).

The rationale behind claim preclusion is that it promotes efficiency. Application of this doctrine avoids the subsequent assertion of additional causes of action arising from the same transactional facts that should have been litigated in the first suit. *See Young Eng'rs, Inc. v. United States Int'l Trade Comm'n,* 721 F.2d 1305, 1314–15 (Fed.Cir. 1983) (discussing general principles and policies underpinning *res judicata*).

■ In the case at bar, the first element of *res judicata* is satisfied: The parties are the same in both causes of action. As to the second element, this court already has entered a final judgment on the merits of the issue presented in the second complaint. In *Paalan I* the court held that plaintiff is not entitled to military pay after November 28, 1995. *Paalan I,* 51 Fed.Cl. at 753 ("Defendant's motion to dismiss is granted as to plaintiff's claims for military pay accrued after November 28, 1995."). Finally, plaintiff's renewed attempt to receive military pay for the period after November 1995 implicates the third element of *res judicata.* Plaintiff does not contend that his second cause of action arises from a different set of transactional facts as his original claim.

Further, in *Paalan I* this court expressly rejected the notion that plaintiff was entitled to pay pursuant to any alleged contract rights arising from plaintiff's pretrial agreement with the Government. 51 Fed.Cl. at 745 n. 5 ("To the extent that plaintiff's briefs suggest that continued pay was an element of his settlement agreement, that argument must fail."). It is well settled that entitlement to military pay is created by statute, not contract. *See Bell v. United States,* 366 U.S. 393, 401, 81 S.Ct. 1230, 6 L.Ed.2d 365 (1961). The court therefore dismisses plaintiff's complaint in case No. 02–405C on the basis of *res judicata.*

### 2. *Discovery*

■ In his January 13 brief, plaintiff lists 18 items for which he seeks discovery in order to respond to defendant's motion for summary judgment, including Navy regulations and procedures, copies of plaintiff's transfer orders, and inventory lists detailing plaintiff's property. Pl.'s Br. filed Jan. 13, 2003, at 4–6.

A party requesting discovery under Rule 56(f) must state, by affidavit, "explicit reasons why discovery is required in opposition to the motion for summary judgment." *C.W. Over & Sons, Inc. v. United States,* 44 Fed. Cl. 18, 23 (1999); *see also Opryland USA, Inc. v. Great American Music Show, Inc.,* 970 F.2d 847, 852 (Fed.Cir.1992) (discussing Fed.R.Civ.P. 56(f)). Mere assertions or conclusory allegations are insufficient. *See Young–Montenay, Inc. v. United States,* 15 F.3d 1040, 1042–43 (Fed.Cir.1994) (conclusory and speculative affidavits do not raise issue of fact). Argument by counsel, unsupported by affidavit, is similarly unavailing. *See Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.,* 731 F.2d 831, 836 (Fed. Cir.1984). The party seeking discovery cannot " 'simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts,' " *C.W. Over & Sons,* 44 Fed.Cl. at 23 (quoting *Simmons Oil Corp. v. Tesoro Petroleum Corp.,* 86 F.3d 1138, 1144 (Fed.Cir.1996)), as plaintiff has done in his

January 13 brief. The court nonetheless is mindful that "summary judgment is inappropriate unless a tribunal permits the parties adequate time for discovery." *Dunkin' Donuts of America, Inc. v. Metallurgical Exoproducts Corp.*, 840 F.2d 917, 919 (Fed.Cir. 1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). To this end the court advised plaintiff by order what would be required to substantiate the Rule 56(f) discovery requests. *See* Order entered Dec. 16, 2002, at 2.

Plaintiff has not submitted an affidavit setting forth explicit reasons why discovery is needed to oppose defendant's motion for summary judgment. He also has not established that the 18 items he seeks to discover are relevant and necessary to the preparation of his opposition to defendant's motion for summary judgment.[2] Plaintiff proffers only the conclusory statement that "the above discoverable documents are needed to confirm the Plaintiff was entitled to have his property ... shipped at Government expense to his home of record[] ...." Pl.'s Br. filed Jan. 13, 2003, at 6. The court therefore denies plaintiff's motion for discovery of the 18 items listed in his brief.

## CONCLUSION

Accordingly, based on the foregoing,

**IT IS ORDERED**, as follows:

1. Defendant's motion to dismiss plaintiff's claim in case No. 02–405C is granted, and the Clerk of the Court shall dismiss that complaint with prejudice. No costs shall be assessed on dismissal of this case.

2. Plaintiff's motion for discovery in case No. 01–448C is denied.

3. By May 30, 2003, plaintiff shall respond to defendant's motion for summary judgment in case No. 01–448C.

4. By June 10, 2003, defendant may reply to plaintiff's response.

5. Plaintiff need not resubmit his Proposed Findings of Uncontroverted Fact.

2. Further, as defendant points out, *see* Def. Br. filed Feb. 26, 2003, at 5, some of the items plaintiff lists-such as his Fleet Reserve orders and the order directing him to confinement in Jacksonville, Florida-apparently already are in

Plaintiff's February 24, 2003 filing shall serve as his filing for the purposes of RCFC 56(h)(2).

6. Plaintiff shall submit all subsequent filings, other than appended materials, in the following format: The lines shall be double spaced; the typeface shall be 13–point font size, with Times New Roman font face. Any submission not conforming to these guidelines shall be deemed unfiled.

his possession, as he filed the same documents previously in this case. *See* Pl.'s Mot. to Reconsider, filed Apr. 1, 2002, Attach. 9; Compl., filed Aug. 1, 2001, Attachs. 14, 22, 23.