# In the United States Court of Federal Claims

No. 12-911C

(Filed September 9, 2013)

NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
                                            *
                                            *
SAMY GHARB,                                 *
                                            *
                 Plaintiff,                 *
          v.                                *
                                            *
THE UNITED STATES,                          *
                                            *
                 Defendant.                 *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

This case is before the Court on defendant's motion to dismiss pursuant to Rules 12(b)(6) and 41(b) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons discussed below, the motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Samy Gharb, who appears to be based in Zurich, Switzerland, appears *pro se*. Mister Gharb filed an unusual complaint in this court on December 26, 2012, seeking one billion dollars in damages for the purported infringement of United States Patent No. 6,552,654 ("the '654 patent"), which is called "Security System With a Mobile Telephone." *See* Ex. 1 to Compl. at 1.[1] This patent, which was issued to Mr. Gharb on April 22, 2003, "relates to a security system with a mobile telephone for monitoring objects, in particular vehicles and security cases, and a method for operating such a system." *Id*. at 10. The invention's described objective was "to propose a security system in which the alarm is reported via a mobile telephone connection." *Id*.

Plaintiff's complaint is confusing, meandering, and filled with images and documents of dubious relevance. Nonetheless, the Court was able to discern that

---

[1] Although the complaint requests an award of $1 billion, *see* Compl. at 44, in plaintiff's sur-reply he doubles this demand to $2 billion. *See* Pl.'s Sur-reply at 10.

plaintiff's chief grievance is the alleged infringement by Unitronics (1989) (R"G) Limited ("Unitronics") of the '654 patent. *See* Compl. at 3 (claiming that "Unitronics has stolen my invention US Patent 6,552.654 [sic] and has sold it since 2000"). Unitronics has designed and developed Programmable Logic Controllers ("PLCs") which are, according to plaintiff, "computer-based electronics products which serve for the management, control, and automatic operation of electromechanical processes, machines, production lines and other automated applications in many industries." Compl. at 4.[2]

Mister Gharb's theory seems to be as follows: in 1999, Unitronics' line of PLC products did not incorporate technology which allowed the PLCs to interface with cellular phones using the Global System for Mobile Communications ("GSM") standard for cellular technology; in 2000, Unitronics started offering products that did incorporate GSM technology, violating plaintiff's patent. *See, e.g.,* Compl. at 3 ("Unitronics has stolen my invention . . . and has sold it since 2000 as products with PLC Programmable Logic Controller [listing various model numbers] and GSM mobile phone . . . . This is patent infringement and a huge damage because I use Windows stored process in PLC Programmable Logic Controller with GSM Mobile Phone in my US patent."); *id.* at 4 ("UNITRONICS TEAM HAD NO IDEA ABOUT AUTOMATION PARKING SYSTEM WITH PLC PROGRAMMABLE LOGIC CONTROLLERS AND GSM MOBILE PHONE"); *id.* at 5 (plaintiff comments on a trademark granted to Unitronics in 1999 for one of their PLC products, insisting that "Haim Shani of Unitronics must have perception and realize that at the time of the year 1999 he had only web PLC and OPLC but without GSM mobile phone").

Mister Gharb names a number of parties as purported defendants in addition to the United States, including the Hoboken City Council, the Menlo Park City Council, the City of West Hollywood Council, the state of Israel, Unitronics, Unitronics' CEO Haim Shani, a number of federal judges who have ruled against him, and several other businesses and individuals (fifty-four in all). *See* Compl. at 1-2. Of course, only the United States may be named as the defendant in complaints filed in our court, *see* RCFC 10(a), and the other parties neither appear nor are regarded in this matter. In a portion of the complaint entitled "Jurisdiction And Venue," Mr. Gharb claims that "[t]his action arises under the Patent Laws of the United States" and lists, *inter alia*, 28 U.S.C. section 1498(a), which enables individuals whose patent has been infringed by the United States to seek compensation before this court. *See* Compl. at 3. Next to his listing of 28 U.S.C. section 1498(a) he has the words "Government contractor," which may indicate he believes there may be a contractual relationship of some kind between the United

---

[2] This language in plaintiff's complaint appears to have been copied directly from the Unitronics website. *See* http://www.unitronics.com/Content.aspx?page=Profile.

States and Unitronics.  *See* Compl. at 3; *see also* Compl. at 43 (citing 28 U.S.C. section 1498(a)).

Plaintiff seeks relief not just from the United States, but also the state of Israel, and Unitronics or its officers.  *See* Compl. at 43 ("The Government is directly liable for infringement by its contractors[.]  The government of United States-Government Stated [sic] of Israel must pay for these huge damage [sic].  Mr Haim Shnai [sic] has stolen my invention of PLC and GSM mobile and sold – offering [sic] using, he must pay for these huge damages.").  Plaintiff sprinkles references to 28 U.S.C. section 1498(a) at a couple of points throughout his complaint, using it to caption various documents, without elaboration.  *See* Compl. at 24 (captioning what appears to be a Unitronics press release describing the adoption of automated parking systems throughout the country, including by the City of Hoboken, using Unitronics technology); Compl. at 26 (captioning the first page of a "Systems Repair" agreement between Unitronics and the City of Hoboken).  Aside from these fragmented statements, the bulk of the allegations and documents in the complaint appear focused on establishing a patent infringement claim against parties other than the United States.  *See* Compl. at 4-8, 11, 14, 18-20, 23, 34-43 (trademark information, product and technical details, quarterly reports, titles of press releases, and other information relating to Unitronics' PLC controllers); *id.* at 26-28 (pages related to a repair agreement between Unitronics and the City of Hoboken);  *id.* at 30-31 (a listing of a patent issued to a Unitronics founder appearing in the Patents and Design Journal of the State of Israel); *id.* at 33 (Unitronics press release mentioning development of new technology with financing provided by Chief Scientist of the Ministry of Industry and Commerce of Israel).  With the exception of Exhibit One, which is a copy of plaintiff's patent, all of plaintiff's attached exhibits to the complaint likewise focus on Unitronics and entities other than the United States.  *See, e.g.,* Ex. 2 to Compl. (showing financial information for Unitronics).  Many of the exhibits are duplicates of documents shown earlier in plaintiff's complaint.  *See* e.g. Ex. 4 to Compl.  (quarterly report which was excerpted at pages 19 and 20 of the Complaint); Ex. 7 to Compl. (Unitronics press release excerpted at page 24 of the Complaint).

The government's motion to dismiss was filed on April 3, 2013.  *See* Def.'s Mot. to Dismiss ("Def.'s Mot.")  In that motion, the government makes two arguments for dismissal.  The first is that the complaint fails to meet the requirements of Rule 8(a), which require a "short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."  Def.'s Mot. at 4-5 (quoting RCFC 8(a)).  Thus, the government argues, dismissal is proper under Rule 41(b), which allows for a dismissal in the case of non-compliance with the Court's rules.  *Id* at 4.  Alternatively, the government urges dismissal under Rule 12(b)(6) for failure to state a claim.  *Id.* at 5.  The government offers two arguments on this point.  First,

the government claims that plaintiff's allegations are "fatally bare and conclusory" and thus fail to state a claim against the United States. *Id*. at 6. Second, the government argues that plaintiff's allegations are barred, since: 1) he was enjoined by the district court of the District of Columbia from asserting patent infringement claims against Unitronics and its customers; and 2) plaintiff's allegations are barred by *res judicata* because of this previous litigation (in which it was determined that Unitronics did not infringe plaintiff's patent). *Id*. at 6-7 (citing *Unitronics (1989) (R"G) Ltd. v. Gharb*, 532 F. Supp. 2d 25, 27-28 (D.D.C. 2008), *aff'd* 318 Fed. Appx. 902 (Fed. Cir. 2008)).

On April 12, 2013, plaintiff filed his response to the government's motion. This document, forty pages in length, is similar to the complaint in its unusual formatting and presentation.[3] In a section captioned "ARGUMENT," plaintiff states: "I call this as manipulation process [sic] which has nothing to do with the fact." Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Resp.") at 2. He then notes that the Department of Justice's counsel of record, Scott Bolden, has commented on the large number of (improper) defendants, and states: "Mr. Scott bolden [sic] must understand that forty-two different defendants is for this team of Unitronics. And four Judges." *Id*. at 2. Plaintiff then proceeds to list several judges named in the complaint, interspersed with their pictures. *Id*. at 2. Nowhere in this "argument" section does plaintiff state why these judges were named or how their actions could give rise to a money claim against the government. Then, under a heading "THERE WAS ONLY MANIPULATION OF THE FACT," plaintiff reiterates his claim that Unitronics has infringed his patent and provides citations to European patents and documentation of said patents. *Id*. at 3-6.

As with the complaint, the bulk of plaintiff's response seems focused on Unitronics or other parties, and not on making out any claim against the United States. *See* Pl.'s Resp. at 8-15, 23-24 (pictures and descriptions of, and trademark information regarding, various Unitronics products); *id*. at 20-22 (pages from a document entitled "Alonex Special & Industrial Electronic Equipment Repair Reference List, created by Alonex Electronic Engineering Ltd., listing some

---

[3] At times, plaintiff's response wanders quite far from anything that might relate to the establishment of his claim. One section, running for four pages of the forty-page response, and captioned "Story of Mr. A. Scott Bolden," includes picture of a Mr. A. Scott Bolden who appears to be an attorney in private practice and not connected in any way to the present litigation, along with some biographical information of both the other Mr. Bolden and the government's counsel of record, followed by an interview with that other Mr. Bolden. Pl.'s Resp. at 15-19. All this is followed, inexplicably, by a definition of the idiomatic expression "mind's eye." *Id*. at 19.

Unitronics products); *id.* at 25-27 (documents related to a contract between Unitronics and the City of Hoboken); *id.* at 29-31 (excerpt from list of U.S. defense contractors showing that Israeli Military Industries was such a contractor); *id.* at 35-38 (information related to contract between City of West Hollywood and Unitronics).[4]  Plaintiff urges the Court that it should not accept prior decisions regarding whether Unitronics has infringed plaintiff's patent in light of the various documents plaintiff has submitted.  *See* Pl.'s Resp. at 28 ("HERE ANSWER THE COURT CAN NOT ACCEPET [sic] THIS DISCION [sic] BECAUSE THE NEW FACTS OF TRADEMARK of WEB PLC and OPLC FROM THE YEAR 1999 SEE THE FACT."); *id.* ("Rule 12 has nothing to do with this case because of these trademarks of the year 1999 for only PLC but without GSM mobile phone and the BOOK OF PLC M90 as evidence which is filed as EXBIT [sic] NO; 6.").  As in the complaint, plaintiff asserts the United States' liability and cites to 28 U.S.C. section 1498(a) without argument or elaboration.  *See* Pl.'s Resp. at 32 ("HERE CONTRACT WITH GOVERNMENT AND UNITRONICS: THE US GOVERNMENT IS LIABLE TO PAY FRO [sic] THESE HUGE DAMAGES.").

Defendant filed a reply in support of its motion to dismiss on April 29, 2013. In it, defendant reiterates its argument that plaintiff's complaint fails to comply with the "short and plain statement" requirements of Rule 8(a), and fails to state a claim against the United States.  Def.'s Reply in Support of Mot. to Dismiss ("Def.'s Reply") at 1-5.  Defendant specifically challenges various assertions made in plaintiff's response regarding purported contracts, explaining that no contract with the United States involving an alleged infringement of plaintiff's patent has been identified.  *Id.* at 3-5.  Defendant also reiterates its argument that plaintiff's claim should be dismissed on *res judicata* grounds.  *Id.* at 5.

On May 31, 2013, Mr. Gharb was permitted to file a sur-reply.  The sur-reply added little to plaintiff's voluminous filings regarding his patent infringement theory and Unitronics' alleged role in that infringement.  The only significant statements put forth regard an entity called "ArmyProperty."  *See* Pl.'s Sur-Reply at 8-10.  Per the allegations and information in plaintiff's sur-reply, this entity does not appear to be related in any way to the U.S. government, but, rather, is a Service-Disabled Veteran-Owned business which appears to offer installation kits for Unitronics products.  *See id.*  Mister Gharb appears to concede as much in his description: "Mr. Scott Bolden must understand that Unitronics sell PLC and GSM mobile phone here by *Veteran-Owned (SVDO) Business* Army Property Team."  *Id.* at 8.

---

[4] In citations to plaintiff's response, the Court uses the page numbers supplied by Mr. Gharb (which depart from those in the ECF document following page 33, as plaintiff omitted a page 34).

Mister Gharb has been a very active litigant of patent infringement suits concerning the '654 patent in various fora. This includes four other cases filed in our court, two of which have been dismissed, *see Gharb v. United States*, No. 12-910C, 2013 U.S. Claims LEXIS 1081 (Aug. 15, 2013); *Gharb v. United States*, No. 13-100C, 2013 U.S. Claims LEXIS 736 (June 26, 2013), as well as claims against various private defendants brought in federal district court. *See, e.g., Gharb v. Mitsubishi Elec. Automation*, No. 10 C 07204, 2012 WL 1986435 (N.D. Ill., June 4, 2012); *Gharb v. Schneider Electric SA*, No. 10 C 7637, 2011 WL 6156746 (N.D. Ill., Dec. 12, 2011); *Gharb v. Rockwell Automation*, No. 11-cv-405, 2011 WL 5373989 (N.D. Ill., Nov. 4, 2011). And, as was noted above, he was the defendant in a case brought by Unitronics concerning his infringement claim against that company. The federal district court for the District of Columbia granted summary judgment in favor of Unitronics, finding that Mr. Gharb's infringement claims lacked merit. *Unitronics (1989) (R"G) Ltd. v. Gharb*, 511 F. Supp. 2d 123, 133-36 (D.D.C. 2007). The district court later enjoined Mr. Gharb from asserting patent infringement against Unitronics and any of its customers. *Unitronics (1989) (R"G) Ltd. v. Gharb*, 532 F. Supp. 2d 25, 27-28 (D.D.C. 2008). The Federal Circuit affirmed the district court's judgment. *Unitronics (1989) (RG) Ltd. v. Gharb,* 318 Fed. Appx. 902 (Fed. Cir. 2008).

## II.  DISCUSSION

### A.  Legal Standards

The court considers motions for failure to state a claim upon which relief can be granted under Rule 12(b)(6). RCFC 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When determining whether to grant a Rule 12(b)(6) motion, the court "must accept as true all the factual allegations in the complaint" and make "all reasonable inferences in favor of the non-movant." *Sommers Oil. Co. v. United States,* 241 F.3d 1375, 1378 (Fed. Cir. 2001). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Although this Court accords a *pro se* plaintiff leniency in presenting his case, the plaintiff's *pro se* status does not render him immune from the requirement that he

plead facts upon which a valid claim can rest. *Paalan v. United States*, 57 Fed. Cl. 15, 16 (2003); *see also Hains v. Kerner*, 404 U.S. 519, 520 (1972).

Rule 8(a) requires complaints filed in our court to contain "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1)-(2). Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss" the case. RCFC 41(b).

## B. Analysis

It seems indisputable that Mr. Gharb's complaint --- which is 44 pages in length, plus more than 100 pages of exhibits (including an occasionally-glossed 69-page user's manual for a Unitronics device) --- contains claims that are neither short nor plain. Indeed, it is hard to imagine how a defendant could answer such a collage of photographs and excerpts from various documents. But the Court does not find this a suitable ground for dismissing the case under RCFC 8(a) and 41(b). Those rules (and their Federal Rules of Civil Procedure counterparts) are more appropriately employed when a plaintiff fails to clarify a complaint after being ordered to do so, *see Lewis v. United States*, 31 Fed. Cl. 607, 611-13 (1994), and usually entail the allowance of a further pleading. *See Ciralksy v. C.I.A.*, 355 F.3d 661, 669-71 (D.C. Cir. 2004); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1217 (3d ed.). Although the complaint itself does not approach clarity, the basis of Mr. Gharb's claims can be discerned, and it is clear that he fails to state a claim upon which relief can be granted.

Mister Gharb's complaint is that Unitronics --- which he believes to be a contractor of the federal government --- sells PLCs which communicate using the Global System for Mobile Communications, allegedly infringing his '654 patent. *See* Compl. at 3, 43. These allegedly-infringing sales were purportedly to three U.S. municipalities, to the Israeli government and to an Israeli government-owned business. *See*, *e.g.*, *id.* at 24-28 (Hoboken, New Jersey), 33 (Ministry of Industry and Commerce of Israel); Pl.'s Resp. at 29-31 (Israel Military Industries Ltd.), 35-38 (Menlo Park and West Hollywood, California). It appears that plaintiff, a resident of Switzerland litigating this matter on his own, misunderstands our system of government as well as our patent laws.

In the first place, the United States government is not liable for any and all patent infringements by businesses which happen to be hold government contracts. It is not enough that the alleged infringer does work for the federal government --- the infringement must have been committed for the federal government, as well. Thus, the relevant statute provides a remedy against the federal government for the unlicensed "use or manufacture of an invention described in and covered by a patent

of the United States by a contractor, a subcontractor, or any person, firm, or corporation *for the Government and with the authorization or consent of the Government*." 28 U.S.C. § 1498(a) (emphasis added). Any alleged infringements of the '654 patent by Unitronics in sales to any parties other than the United States government are matters between Mr. Gharb and Unitronics, and do not concern the federal government or our court. *See* 28 U.S.C. §§ 1491(a), 1498(a); *United States v. Sherwood,* 312 U.S. 584, 588 (1941) (holding that jurisdiction of our court's predecessor was limited to "money judgments in suits brought for . . . relief against the United States"); *Dyck v. Albertelli Law*, 98 Fed. Cl. 624, 626 (2011). We do not have jurisdiction over claims between private parties, *see Ambase Corp. v. United States*, 61 Fed. Cl. 794, 796 (2004), and the United States is the only properly-named defendant in complaints filed in our court. *See* RCFC 10(a).[5] Any alleged infringements of the '654 patent in contracts with foreign governments, such as the state of Israel, do not come within our jurisdiction over claims against the United States.[6]

Second, plaintiff seems unfamiliar with the concept of dual sovereignty, a foundational feature of our republic. *See Fed. Mar. Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 751 (2002). States are not "mere appendages of the Federal Government," *id.*, and contracts with them or with their municipal sub-units are not contracts with the United States government. Claims based on contracts with cities, such as Hoboken or West Hollywood, are not claims against the United States and are not actionable in our court. *See D.R. Smalley & Sons, Inc. v. United States*, 178 Ct. Cl. 593, 598 (1967); *Hassan v. United States*, 41 Fed.

---

[5] Private parties may, of course, intervene to protect their interests in a claim against the United States. *See* RCFC 24. And until recently, the United States was able to assert claims against a third party in our court. *See* RCFC 14(a)(2), 1 Cl. Ct. LII (Oct. 1, 1982); RCFC 14(a)(1), 51 Fed. Cl. XXXVII (May 1, 2002). Our statutory authority to summon a third party, however, was granted by a provision (formerly 41 U.S.C. section 114(b)) which appears to have been inadvertently deleted by Congress in a recent recodification of Title 41. *See* Public Law Number 111-350, 124 Stat. 3677, 3855, 3857 (2011); RCFC 14 note (2013 Amdt.).

[6] The only exception, not alleged here, is the extraordinary case when responsibility for claims against foreign governments has been assumed by the United States pursuant to a treaty or other legislation. *Cf. Atocha v. United States*, 6 Ct. Cl. 69, 70 (1870) (noting the United States' assumption of certain claims against the government of Mexico pursuant to the Treaty of Guadalupe Hidalgo).

Cl. 149, 150 (1998); *Washington v. United States*, No. 05-1056C, 2005 WL 6115379, at *1 (Ct. Fed. Cl. Oct. 28, 2005).[7]

Third, plaintiff is confused about the relationship between our court and other courts. We have no authority to review the decisions of district courts, *see Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001), and the Federal Circuit hears appeals from our court, not vice-versa. 28 U.S.C. § 1295(a)(3). If Mr. Gharb believes he can avoid the effect of prior judicial decisions against his claims by purporting to name the district court and Federal Circuit judges in those cases as parties here, he is seriously mistaken.

To state a claim upon which our court may grant him relief, based on the alleged infringements of his '654 patent by Unitronics, plaintiff must at a minimum identify a contract with the United States under which the alleged infringement took place. This he fails to do. Sales in the United States by a private vendor, such as ArmyProperty, *see* Pl.'s Sur-reply at 8-10, have no relevance to the establishment of such a claim in our court. Nor does the depiction of what appears to be a slide or computer screen showing the Boeing YAL-1, with the Unitronics logo along the bottom. Pl.'s Resp. at 9. Plaintiff identifies no contract with the federal government in which an allegedly-infringing device made by Unitronics was provided to the government. Nowhere in plaintiff's lengthy filings are any substantive allegations against the United States recognizable. Plaintiff's allegations do not even arise to "mere conclusory statements" of infringement. Instead, plaintiff merely *identifies* numerous parties said to have engaged in infringing actions. This is insufficient to state a claim for the purposes of our jurisdiction.

Finally, plaintiff seems to misconstrue our patent laws. As the Federal Circuit explained in *Unitronics (1989) (RG) Ltd. v. Gharb,* by including the use of PLCs communicating over GSM in his security system patent, Mr. Gharb did not remove such communications from the public domain. *See* 318 Fed. Appx. at 905. An infringement of his '654 patent requires that all of the limitations of his patent must be met by the infringing device. *Id.* Plaintiff failed to make this showing against Unitronics in the D.C. district court, and the Federal Circuit affirmed the decision. *Unitronics (1989) (R"DG) Ltd. v. Gharb*, 511 F. Supp. 2d at 133-36, *aff'd* 318 Fed. Appx. at 905. As a consequence, any further claims of infringement based on the Unitronics products are barred under claim preclusion (or *res judicata*), and

---

[7] An exception to this rule, developed in the context of takings cases and with no relevance to Mr. Gharb's matter, is when states or their subdivisions act as agents of the United States. *See Rose Acre Farms, Inc. v. United States*, 373 F.3d 1177, 1196 (Fed. Cir. 2004); *Hassan*, 41 Fed. Cl. at 150.

cannot be the subject of relief in our court. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Chisolm v. United States*, 82 Fed. Cl. 185, 193 (2008).

## III. CONCLUSION

For the reasons stated above, the Court **GRANTS** defendant's motion to dismiss this case for failure to state a claim upon which relief can be granted. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Victor J. Wolski

**VICTOR J. WOLSKI**
Judge