**Walter Steven BROWN and Diane Kay Brown, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 90–155C.**

United States Claims Court.

Dec. 21, 1990.

Walter Steven Brown and Diane Kay Brown, Corning, Iowa, pro se.

Ellen M. McElligot, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, Washington, D.C., for defendant.

### ORDER

MOODY R. TIDWELL, III, Judge:

On October 29, 1990, the court dismissed this action with prejudice pursuant to Rule 41(b), for failure to prosecute in a timely manner. On December 3, 1990, plaintiffs filed a Motion For Reconsideration under Rules 59 and 83.2(f) of the United States Claims Court (RUSCC).[1] After careful review of the facts, and the applicable Rules and case law, the court denies plaintiffs' motion for the reasons stated below.

### FACTS

Plaintiffs filed their complaint on February 16, 1990, seeking damages allegedly caused by the government's breach of express and implied contracts, breach of fiduciary obligations, violations of statutes and regulations, contractual fraud, and assorted other wrongs. Defendant answered on May 17, 1990. On July 2, 1990, the court received plaintiff's preliminary status report which the Clerk returned unfiled because (1) it did not comply with rule 10(a) in that the caption was incorrect, and plaintiffs failed to provide a phone number; (2)

---

1. Because of an administrative oversight, the Clerk of the court did not enter judgment on the Order until November 28, 1990. Therefore, plaintiff's motion for reconsideration is timely in accordance with Rule 83.2(f).

plaintiffs failed to provide a second copy; and (3) there is no provision in the Rules for the filing of an individual preliminary status report.[2] Plaintiffs made no attempt, of which the court is aware, to correct these errors.

On September 10, 1990 defendant moved to file an independent preliminary status report, in lieu of the required Joint Preliminary Status Report (JPSR), stating that on June 14, 1990, government counsel had sent a copy of a proposed JPSR to plaintiffs, but had received no response. The court allowed defendant's motion.

On September 11, 1990, the court ordered plaintiffs to provide to the court, and counsel for defendant, a phone number where plaintiffs could be reached during normal working hours, and to file a proper status report by September 28, 1990, or face dismissal with prejudice for failure to prosecute in a timely manner. Plaintiff did not comply with that order, but instead, on October 3, 1990, submitted to the Clerk's office a motion to dismiss without prejudice. On October 5, 1990, the Clerk's office also returned that motion unfiled because plaintiffs had failed to include proof of service.

On October 29, 1990, more than a month after plaintiffs' status report was due, and more than three weeks after plaintiffs' motion to dismiss without prejudice was returned unfiled, the court dismissed the case with prejudice for failure to prosecute in a timely manner.

### DISCUSSION

Under RUSCC 59(a)(1), "reconsideration may be granted to all or any of the parties and on all or part of the issues for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." Under common law and equity, there are a number of reasons that would justify reconsideration, most of which are included in RUSCC 60. Under Rule 60(b), relief from judgment may be based on:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

■ Although plaintiffs did not state specifically under what theory they are entitled to reconsideration, the court believes they seek relief under RUSCC 60(b)(6). Plaintiffs, citing *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) point out that *pro se* plaintiffs are "entitled to minimal latitude in the presentation and preservation of their rights." Plaintiffs' motion for reconsideration at 2. With this, the court agrees. What the court cannot agree with is plaintiffs' contention that they were denied that minimal latitude. Indeed, the court believes that it allowed plaintiffs wide latitude in complying with the rules, and that plaintiffs' allegations are unfounded. Nevertheless, the court will address each of plaintiffs' alleged grievances.

■ Plaintiffs assert that the court wrongfully rejected their July 2, 1990 preliminary status report for several reasons. First, regarding the incorrect caption, plaintiffs claim that they are unable to discern any "substantial difference" between their caption and the caption on the status report filed by defendant and accepted by the court. While the differences may not seem substantial to plaintiffs, the fact remains that plaintiffs' caption was incor-

---

**2.** Appendix G of the Rules of the United States Claims Court calls for a joint preliminary status report, and plaintiffs did not indicate any reason why they were unable to comply with this mandate, thereby necessitating the filing of an individual status report.

rect.[3] Second, plaintiffs claim that, contrary to what the Clerk recorded, they had included three executed copies of the status report in their filing. While plaintiffs sincerely may believe that they did include the requisite copies, the court is unable to discount the findings of the Clerk's office, which routinely deals with such filings. Additionally, the court finds it highly unlikely that the Clerk's office would fail to notice something as obvious as three copies of a document. Third, plaintiffs argue that the court should not have rejected their status report based on a failure to provide a telephone number, arguing that a litigant cannot be required to have a phone before it may be heard in court. With the latter, the court agrees. However, regarding the former, the court does not believe it to be too onerous to ask plaintiffs for a phone number—of a friend, business associate, or local pay phone—where the court, and counsel for the defense, can reach plaintiffs at designated times, or at the least, can get messages forwarded.

If, as plaintiffs now claim for the first time in their motion for reconsideration, they could not get government counsel to cooperate on a JPSR, all three errors noted by the Clerk in plaintiffs' individual preliminary status report were easily correctable. Yet plaintiffs made no attempt to resubmit a corrected, proper status report, even after the court ordered them to do so or face possible dismissal with prejudice for failure to prosecute in a timely manner. Instead, almost a week after the court imposed deadline, plaintiffs attempted to file a motion dismissing the case without prejudice. The Clerk also returned that motion, this time because proof of service was missing. Plaintiffs again claim that the purported missing documents were included, however the court is inclined to agree with the official records of the Clerk's office. The court acknowledges that the Clerk's office is not infallible. However, plaintiffs' claim that the Clerk twice overlooked copies of documents simply is not credible. Further, the court resoundingly rejects plaintiffs assertion that the Clerk's office purposely treated plaintiffs differently than defendant simply because plaintiffs were acting *pro se*.

Plaintiffs did not correct and refile their motion to dismiss, nor did they make any attempt to contact the court to ask for an enlargement of time. Feeling that it had given plaintiffs every opportunity to effect proper filing, and more than three weeks after plaintiffs' motion to dismiss was returned, the court dismissed the case with prejudice.[4]

As the record indicates, the court was more than generous with plaintiffs in allowing them latitude in meeting deadlines. Moreover, the court does not read *Haines v. Kerner* to mean that *pro se* plaintiffs may disregard the Rules by which all other litigants must abide. The "less stringent standard" envisioned by the Court in *Haines*, 404 U.S. at 520, 92 S.Ct. at 595–96, reasonably cannot be understood to allow *pro se* plaintiffs to set their own time schedules and fabricate their own rules. *Pro se* plaintiffs still must diligently attempt to follow the Rules, and cannot be heard to cry foul when their case is dismissed because of their own failure to comply with court orders. The court is sensitive to the special hardships of *pro se* plaintiffs, however, "latitude" does not equal "free rein," and there comes a point where the court must say enough is enough.

For these reasons, the court denies plaintiffs' motion for reconsideration.

IT IS SO ORDERED.

---

3. The court notes that had this defect been the only problem with plaintiffs' submissions, it would have given leave for the documents to be filed. However, the court found too many defects in these documents to allow their filing.

4. As noted before, judgment was not entered, and therefore notice of the dismissal was not sent, until November 28, 1990. Thus, almost two full months had passed with no word from plaintiffs since the court returned their motion to dismiss without prejudice.