Quincey **CARPENTER**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 96–581 C.

United States Court of Federal Claims.

Sept. 9, 1997.

Quincey Carpenter, Niantic, CT, pro se.

Deborah Ho, Washington, DC, with whom were Assistant Attorney General Frank W. Hunger, Director David M. Cohen, and Assistant Director James M. Kinsella, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge.

On September 13, 1996, plaintiff Quincey Carpenter, acting *pro se*, filed a complaint in this court seeking monetary relief for his alleged wrongful discharge from the United States Navy and for correction of his military records. In response to the complaint, on April 11, 1997, defendant filed a motion to dismiss and for judgment on the administrative record. Plaintiff has failed subsequently to respond to defendant's motions, despite the court's repeated attempts to contact him and the court's June 24, 1997 order to show cause why plaintiff's complaint should not be dismissed for failure to prosecute.

For the reasons set forth below, the court orders the action dismissed, with prejudice, for failure to prosecute in accordance with the rules and order of this court.

## FACTS

Plaintiff, acting *pro se,* filed a complaint in this court on September 13, 1996 seeking monetary compensation for medical treatment and employment assistance as a result of the government's alleged wrongful discharge of him from the Navy, as well as correction of his military records. On April 11, 1997, defendant moved to dismiss this action pursuant to Rules of the Court of Federal Claims (RCFC) 12(b)(1) and 12(b)(4), for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. In the alternative, defendant moved pursuant to RCFC 56.1 for judgment on the administrative record in favor of the United States. Plaintiff's response to defendant's motions was due on May 12, 1997. Plaintiff filed neither a response to the motions, nor a motion for enlargement of time.

Plaintiff filed a new mailing address with the court on April 23, 1997. Additionally, instead of filing a telephone number at which he could be contacted, plaintiff listed two telephone numbers at which messages for him could be left. Upon noting that plaintiff's response had not been filed and plaintiff's *pro se* status, the court's judicial law clerk telephoned plaintiff at the two listed numbers to inquire as to when his response to defendant's motions would be filed. The clerk left messages for plaintiff at the specified telephone numbers on May 23, 1997, June 12, 1997, June 16, 1997 and June 23, 1997. Plaintiff failed to respond to any of the messages.

In an order filed June 24, 1997, the court ordered plaintiff to show cause why his complaint should not be dismissed for failure to prosecute given that: (1) plaintiff failed to file a response to defendant's motion to dismiss and motion for judgment on the record; and (2) plaintiff failed to return the court's several telephone messages. The order required plaintiff to respond by July 15, 1997. Again, plaintiff failed to respond.

## DISCUSSION

In light of plaintiff's failure to respond to defendant's motions, the court's telephone messages, and the court's show cause order, the court moves to dismiss this action pursuant to RCFC 41(b). Rule 41(b) provides that: "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, the court may dismiss on its own motion or defendant may move for dismissal of an action or any claim." RCFC 41(b). The court's dismissal power is necessary to manage efficiently a crowded docket,

and to prevent undue delays in litigation. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). Dismissal is justified when a party repeatedly fails to timely respond to court rules and court-imposed orders, including an order to show cause why a complaint should not be dismissed. *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed.Cir.1986). Such a show cause order provides litigants with clear notice that dismissal of the case is imminent, and that failing to act will be fatal to the case.

Here, plaintiff has failed to respond not only to defendant's motions to dismiss and the court's numerous telephone messages, but also to the order to show cause why the complaint should not be dismissed. In light of the court's extraordinary efforts to prompt plaintiff to respond to the court and to litigate the case, dismissal of this case for failure to prosecute is justified.

In reaching its conclusion, the court has considered carefully plaintiff's *pro se* status and the possibility that plaintiff may not be familiar with the court's rules and procedures. *Pro se* litigants are accorded leniency with respect to procedural matters. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam). This less stringent standard for *pro se* litigants, however, does not allow a plaintiff to wholly disregard the timetable set by the court's rules, messages left by the court, or a show cause order. *See Brown v. United States*, 22 Cl.Ct. 211, 213 (1990) ("[t]he court is sensitive to the special hardships of *pro se* plaintiffs, however, "latitude" does not equal "free rein," and there comes a point where the court must say enough is enough"), *aff'd*, 935 F.2d 280 (Fed.Cir.1991). Through the court's repeated attempts to contact plaintiff and the order to show cause, the court has provided plaintiff wide latitude and adequate notice that dismissal was imminent if plaintiff failed to respond to the court within a reasonable amount of time. In light of the court's efforts to provide plaintiff, as a *pro se* litigant, with every opportunity to go forward with his case, and the lack of any response, the court hereby dismisses this case, with prejudice, for failure to prosecute.

## CONCLUSION

For the reasons stated above, the court, on its own motion and in accordance with RCFC 41(b), dismisses plaintiff's complaint, with prejudice, for failure to prosecute in accordance with the rules and order of this court. The court does not address the merits of defendant's motion to dismiss, or in the alternative for judgment on the administrative record. The Clerk shall enter judgment accordingly. No costs.

**IT IS SO ORDERED.**