# In the United States Court of Federal Claims

No. 12-642C

(Filed: July 23, 2013)

```
*********************************** *
                                    *
K & Y AMERICAN INVEST. PRO., INC.,  *
                                    *
                                    *
                                    *
                                    *
                    Plaintiff,      *
                                    *
  v.                                *
                                    *
THE UNITED STATES,                  *
                                    *
                    Defendant.      *
                                    *
*********************************** *
```

## DISMISSAL FOR FAILURE TO PROSECUTE

On September 27, 2012, the above-captioned case was transferred to the undersigned from the United States District Court for the District of Maryland. The transfer complaint was due by October 29, 2012, and counsel for Plaintiff was required to gain admission to this Court's bar by November 16, 2012, if he continued to represent his client in this tribunal. Despite these deadlines, there had been no activity in this case since the September 27, 2012 transfer. Accordingly, on July 1, 2013, the Court ordered Plaintiff to show cause by July 15, 2013, as to why the Court should not dismiss the case under Court Rule 41(b) for failure to prosecute. Plaintiff remains unresponsive.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." Rule 41(b) is a necessary tool to ensure efficient docket management and prevent undue delays in litigation. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962). Although harsh, "[d]ismissal is justified when a party repeatedly fails to timely respond to court rules and court-imposed orders, including an order to show cause why a complaint should not be dismissed." Carpenter v. United States, 38 Fed. Cl. 576, 578 (1997) (citing Kadin Corp. v. United States, 782 F.2d 175, 176-77 (Fed. Cir. 1986)). Here, Plaintiff has failed to take any of the required steps necessary for the adjudication of its case in this tribunal. Dismissal is therefore not

only appropriate, but required to maintain efficient usage of the Court's resources. Accordingly, this case is DISMISSED, with prejudice, for failure to prosecute in accordance with Rule 41(b).

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge