ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Left Hand Design Corporation | ) ASBCA No. 62458 |
| | ) |
| Under Contract Nos. N00014-10-C-0306 | ) |
| FA8651-08-C-0155 | ) |

APPEARANCE FOR THE APPELLANT: Mr. Lawrence M. Germann
  President

APPEARANCES FOR THE GOVERNMENT: Arthur M. Taylor, Esq.
  DCMA Chief Trial Attorney
Michael T. Patterson, Esq.
  Trial Attorney
  Defense Contract Management Agency
  Chantilly, VA

## OPINION BY ADMINISTRATIVE JUDGE YOUNG ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Pending before the Board is the Defense Contract Management Agency's (DCMA, government or respondent) motion to dismiss the appeal filed by Left Hand Design Corporation (Left Hand or appellant). The government argues the appeal was untimely; therefore, the Board lacks jurisdiction. Appellant opposes the motion. For the reasons discussed below, we deny the motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On June 19, 2008, the Department of the Air Force awarded Left Hand Contract No. FA8651-08-C-0155 (the AF contract) (R4, tab 1 at G-1[1]). On August 12, 2010, the Office of Naval Research awarded to Left Hand Contract No. N00014-10-C-0306 (the ONR contract) (R4, tab 2 at G-29).

2. On August 8, 2018, DCAA issued eight audit reports questioning various costs related to the contracts from fiscal years (FY) 2009 and 2015 (R4, tabs 8-9).

3. On January 17, 2020, the DCMA Administrative Contracting Officer (ACO)

---

[1] The government numbered pages in the Rule 4 file with a prefix of G with leading zeros, *e.g.* "G000001." For simplicity, we have dropped leading zeros and will use "G-1" instead.

issued a contracting officer's final decision (COFD) asserting a government claim for $60,670 for unallowable costs billed by Left Hand in FY 2011, in both the AF and the ONR contracts (the COFD for FY 2011) (R4, tab 14 at G-160).

4.  Also on January 17, 2020, the ACO issued to Left Hand a COFD asserting a government claim for $12,426 for unallowable costs billed by Left Hand in Fiscal Year 2013 in the ONR contract (the COFD for FY 2013) (R4, tab 15 at G-166).

5.  Left Hand received both COFDs on January 17, 2020, as evidenced in the email message between appellant and the ACO (R4, tab 11 at G-140).

6.  Both COFDs included the following appeal language as required by FAR 33.211(a)(4)(v):

> This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract(s) by number.

(R4, tab 14 at G-165, tab 15 at G-170)

7.  On April 16, 2020, Ms. Susanne Blanchette, administrative assistant at Left Hand, sent an email to the Board and the ACO, stating:

> Left Hand Design Corporation requests an extension to the deadline of 17 April 2020 regarding Contracting Officer's Final Decision and Demand for Payment of Debt. An appeal is intended regarding this final decision made by our Contracting Officer, Ms. Andrea Arapkiles.
>
> List of Contracts:
> N00014-10-C-0306
> FA8651-08-C-0155

(R4, tab 17)

8.  On April 21, 2020, the Board issued a Notice of Docketing stating,

2

"[a]ppellant's appeal, by letter dated April 16, 2020, has been assigned docket number 62458."

9. On April 23, 2020, the Board issued an Order directing Left Hand to show that it was represented in the proceedings before the Board by a person meeting the criteria of ASBCA Rule 15(a) (R4, tab 18).

10. On May 20, 2020, appellant's president, Mr. Lawrence Germann, submitted an email to the Board, stating:

> I was perhaps mistaken in my belief that my position as Chairman of the Board qualified me as a corporate officer. If so, I will be representing LHDC and I satisfy the Rule 15(a) criteria because I am LHDC's CEO as well as its president and Chairman of its Board of Directors.
>
> . . . .
>
> **Identification of Subject Decisions:** LHDC intends to appeal both of the Administrative Contracting Officer's two final decisions from 17 January 2020. I apologize for failing to state this in my first message.

(Bolded text in original) (R4, tab 21 at G-178)

11. This email to the Board also included a message that Mr. Germann had sent to DCMA on May 11, 2020, stating:

> Per the 23 April 2020 request from Paulla K. Gates-Lewis (attached), Ms. Susanne Blanchette is Left Hand Design Corporation's (LHDC) Administrative Assistant and was acting on my behalf when she submitted her 16 April 2020 request for an extension of the 17 April 2020 deadline to file the referenced appeal. As Left Hand Design Corporation's president and Chairman of the Board of Directors, I am the appellant for the subject appeal.

(*Id.* at G-179)

12. On June 12, 2020, appellant submitted a letter to the Board captioned "Appeal of Left Hand Design Corporation." The submission contained appellant's "Letter of Complaint" which showed in the reference line the numbers of the AF and the ONR contracts. In the letter of complaint, appellant details Left Hand's views on why the contracting officer's decisions were incorrect, and requests

3

waivers of penalties and interest charges identified in the COFDs. The letter was signed by "Lawrence M. Germann, President, CEO and Chairman" and attached copies of the COFD for FY 2011 and the COFD for FY 2013 (Bd. corr. ltr. dtd. June 12, 2020).

DECISION

In its motion to dismiss, the government argues that the appeal filed by Left Hand should be dismissed for lack of jurisdiction because it was untimely (gov't mot. at 1). The government asserts that Left Hand's April 16, 2020 email failed to meet the requirements of an appeal under the Contract Disputes Act (CDA) because: (1) it did not express a present intent to appeal; (2) it did not identify which COFD Left Hand intended to appeal; (3) it failed to express dissatisfaction with either COFD; and (4) it was submitted by a person who did not meet the definition of a contractor under the CDA (gov't mot. at 1-2). Appellant opposes the motion, stating that the April 16, 2020 email met the requirements of the CDA (app. opp'n at 1-2). We examine each argument in turn.

Under the CDA, the contracting officer's decision must be appealed to the Board within 90 days of the contractor's receipt of the COFD. The 90-day period is jurisdictional and may not be waived. *See Cosmic Constr. Co. v. United States,* 697 F.2d 1389, 1390-91 (Fed. Cir. 1982); *Maria Lochbrunner,* ASBCA Nos. 57235, 57236, 11-2 BCA ¶ 34,783 at 171,186.

As a preliminary matter, we note that on June 12, 2020, Left Hand submitted to the Board a document captioned "Appeal of Left Hand Design Corporation" (SOF ¶ 12). The document was filed 147 days after appellant received the COFDs, clearly beyond the 90-day jurisdictional window. Appellant does not argue that this submission should be considered as its notice of appeal. Accordingly, we focus our attention on whether appellant's April 16, 2020 email, submitted exactly 90 days after the date of receipt of the COFDs[2], meets the requirements of an appeal.

---

[2] We note that in its correspondence of April 16, 2020, appellant requested an extension of the deadline to file an appeal with the Board, which appellant perceived to be April 17, 2020. April 17, 2020, is *three months* after receipt of the COFDs. However, the statutory 90th day after January 17, 2020, is April 16, 2020. As appellant made its submission to the Board exactly on the 90th day, its mistaken belief is not operative in our consideration of the appeal at hand.

4

*1.  Did the April 16, 2020 email express a present intent to appeal?*

Appellant's email of April 16, 2020, stated:  "Left Hand Design Corporation requests an extension to the deadline of 17 April 2020 regarding Contracting Officer's Final Decision and Demand for Payment of Debt.  **An appeal is intended regarding this final decision made by our Contracting Officer**" (emphasis added) (SOF ¶ 7).  The email then goes on to list the two contracts affected by the COFDs.  In the email sent to the Board on May 20, 2020, appellant stated:  "Susanne Blanchette . . . was acting on my behalf when she submitted her 16 April 2020 request for an extension of the 17 April 2020 deadline to file the referenced appeal" (SOF ¶ 11).

The government argues that a request to extend the filing deadline is not an expression of a present intent to appeal because it is uncertain from the April 16, 2020 email whether appellant will actually ever take an appeal of the two COFDs.  Additionally, the government states that if Left Hand's email manifested a present intent to appeal, it would not have requested an extension of the CDA's 90-day statutory filing period (gov't reply at 3).  We disagree with the government's proposed standards for what constitutes an appeal, as they do not follow the Board's prior decisions.

The Board has generally allowed a less stringent standard to pro se litigants, although it does not allow them to ignore the rules of procedure and process.  *Newhall Telecom, LLC*, ASBCA No. 57438, 13 BCA ¶ 35,391 at 173,644 (citing *see, e.g., Brown v. United States*, 22 Cl. Ct. 211, 213 (1990), *aff'd*, 935 F.2d 280 (Fed. Cir. 1991) (table) ("more lenient standard for a *pro se* does not allow setting of own deadlines and fabricating own rules; 'latitude' does not equal 'free rein'")).  The Board has also "historically liberally read contractors' communications in finding effective appeal notices and [has] repeatedly held a notice of appeal requires only a writing filed within the requisite time period that expresses dissatisfaction with the contracting officer's decision and indicates an intention to appeal the decision to a higher authority." *Afghan Active Group (AAG)*, 16-1 BCA ¶ 36,349 at 177,211-12 (quoting *Ft. McCoy Shipping & Services*, ASBCA No. 58673, 13 BCA ¶ 35,429 at 173,794).

In *AAG*, appellant sent what the contracting officer (CO) construed as a claim, on July 7, 2015.  *Id.* at 177,210.  The next day, the CO issued a COFD, denying the claim and including the proper appeal language.  *Id.*  On July 12, 2015, appellant sent an email to the government, including the CO identified on the COFD, stating the COFD "its [sic] NOT acceptable for our company." *Id.* at 177,210-11.  After receiving no response from the government, AAG sent a follow up email on July 20, 2015, stating ". . . please kindly put us in progress if you need document for appeal process . . ." *Id*. at 17,211.  On August 31 and November 14, 2015, appellant reached out to the government again, asking for an update.  On November 19, 2015, the government sent AAG an email, explaining where the appeal should be sent.  *Id.*

5

Finally, on December 25, 2015, AAG sent its appeal to the Board. *Id.* After the Board docketed the appeal, the government moved to dismiss, alleging the appeal was not timely. Because the Board had held that "a contractor's notification to the CO of an intent to appeal suffices to act as a notice to the Board," the question became whether the July emails to the CO expressed an intent to appeal. The Board found that the email from AAG "plainly 'expresses dissatisfaction' with the COFD." *Id.* at 177,2112. The Board then assessed whether AAG ever expressed an intent to appeal, eventually finding that although AAG's language was "somewhat awkward" it expressed an intent to appeal. *Id.* at 177,212.

The Board has also found that a "notice of intent to appeal" is enough to consider it a filing of a notice of appeal. In *Ft. McCoy Shipping & Services*, 13 BCA ¶ 35,429 at 173,793, appellant submitted a letter referencing the contract number, expressing dissatisfaction with the COFD, and specifically stating it had an "intent to appeal." The Board found that the "fundamental purpose of [a notice of appeal] is to provide the Board and the Government with notice of an impending appeal." *Id.* at 173,794, quoting *Thompson Aerospace, Inc.*, ASBCA Nos. 51548, 51904, 99-1 BCA ¶ 30,232 at 149,570. The Board went on to state:

> The Board has historically liberally read contractors' communications in finding effective appeal notices and has repeatedly held a notice of appeal requires only a writing filed within the requisite time period that expresses dissatisfaction with the contracting officer's decision and indicates an intention to appeal the decision to a higher authority. *ESA Environmental Specialists, Inc.*, ASBCA No. 55620, 07-1 BCA ¶ 33,573 at 166,312; *Thompson Aerospace*, 99-1 BCA ¶ 30,232 at 149,570; *New Mexico Professional Standards Review Organization, Inc.*, ASBCA No. 25867, 82-1 BCA ¶ 15,499 at 76,878. A notice of appeal, meeting the above criteria, has been found effective "notwithstanding some degree of futurity." *All Seasons Construction & Roofing, Inc.*, ASBCA Nos. 43941, 45085, 93-1 BCA ¶ 25,435 at 126,675 (quoting *Kos Kam, Inc.*, ASBCA No. 34633, 88-1 BCA ¶ 20,311 and cases cited therein); *Massachusetts Microwave Tube & Device Corp.*, ASBCA No. 52020, 99-1 BCA ¶ 30,350 at 150,100 (holding a letter to the contracting officer within 90 days of receipt of a notice of a termination for default stating the contractor intends to "protest the action taken by your office" and requesting

> "information necessary to start the protest and appeal process," constituted an effective notice of appeal).

*Id.*

Given appellant's *pro se* status, the Board affords some leeway in the styling of its filings, as long as they comply with the rules of procedure and process. By specifically stating "[a]n appeal is intended regarding this final decision made by our Contracting Officer," as well as requesting an extension to the 90-day filing deadline, we hold that appellant manifested a present intent to appeal.

*2. Did the email of April 16, 2020 identify the final decisions appealed?*

In addition to stating in its April 16, 2020 email that appellant intended to appeal the decision of the contracting officer, the email included at the end, without further caption, a list of contracts as follows:

> List of Contracts:
> N00014-10-C-0306
> FA8651-08-C-0155

(SOF ¶ 7)

When read together, the first two sentences of the email and the list of contracts included at the end support that Left Hand was referring to the AF and ONR contracts at issue here. Even when appellant used the singular when stating "Contracting Officer's Final Decision" and "this final decision made by our Contracting Officer," appellant specifically listed the contracts. Additionally, the deadline appellant referred to when requesting an extension ("[LHDC] requests an extension to the deadline of 17 April 2020") (SOF ¶ 7) corresponds to January 17, 2020, the date on which appellant received the COFDs[3]. Considered together, these facts remove any uncertainty as to which contract decisions appellant was referring. As noted above, "the Board has historically taken a liberal reading of contractor's communications to the CO in finding effective appeals." *Aerospace Facilities Group, Inc.*, ASBCA No. 61026, 18-1 BCA ¶37,105 at 180,604 (citing *Thompson Aerospace, Inc.,* ASBCA Nos. 51548, 51904, 99-1 BCA ¶ 30,232 at 149,570); *see also Afghan Active Group (AAG)*, 16-1 BCA ¶ 36,349 at 177,211. We conclude that the email of April 16, 2020, sufficiently identified the contracts referenced in the COFDs appellant intended to appeal.

---

[3] As we noted before, the COFDs were received on January 17, 2020. April 17, 2020, is *three months* after the COFDs were received, while the statutory *90th day* is April 16, 2020. Appellant's mistaken belief as to the correct deadline is inapposite to our analysis.

*3. Did the email of April 16, 2020, express dissatisfaction with the COFDs?*

Appellant's April 16, 2020 email requested an extension of what appellant perceives as the 90-day deadline to file an appeal and states that an appeal "is intended regarding this final decision made by our Contracting Officer" (SOF ¶ 7). It is clear from the plain language in the email that appellant was dissatisfied with the "Contracting Officer's Final Decision and Demand for Payment of Debt" and, therefore, it made its submission to the Board. We further conclude that the email of April 16, 2020, sufficiently expressed dissatisfaction with the COFDs to satisfy the requirement of the CDA.

*4. Was the email of April 16, 2020 submitted by a person meeting the definition of a contractor under the CDA?*

In its May 20, 2020 email, appellant stated: "Ms. Susanne Blanchette is Left Hand Design Corporation's (LHDC) Administrative Assistant and was acting on my behalf when she submitted her 16 April 2020 request for an extension of the 17 April 2020 deadline to file the referenced appeal" (SOF ¶ 11). Additionally, appellant stated: "As Left Hand Design Corporation's president and Chairman of the Board of Directors, I am the appellant for the subject appeal." (*Id.*) The government argues that Ms. Blanchette does not meet the definition of a "contractor" under the CDA, and thus, her acts cannot initiate the Board's jurisdiction.

We agree with the government that Ms. Blanchette, as an administrative assistant, cannot, under ASBCA Rule 15(a), appear before this Board as a representative of Left Hand Design. However, the Board has held that

> "there is a long observed distinction between persons
> permitted to represent parties appellant before this Board
> under Rule 26[4], and persons or entities authorized to file
> an appeal on behalf of a contractor pursuant to Section 7 of
> the Contract Disputes Act of 1978, the contract Disputes
> clause, and ASBCA Rule 2."

*Garrison Engineers Constr., Inc.*, ASBCA Nos. 29015, 29536, 85-1 BCA ¶ 17,731 at 85,512. As such, whether we have jurisdiction to consider the merits of the appeal depends on whether Ms. Blanchette was authorized to file that appeal on behalf of Left Hand. *Id.*

In *Garrison Engineers*, a claims advisor filed a timely appeal for appellant. The government challenged jurisdiction, alleging that because the claims advisor was

---

[4] Former Board Rule 26 is now Board Rule 15(a), as revised on July 14, 2014.

not a party to the contract, he was not authorized to appeal the final decision. The Board found that the claims advisor was acting as an "authorized agent on behalf of a principal." *Id.* at 85,513. Further, the Board noted that appellant's "later appeal, although untimely, serves as an implied ratification of the earlier [] appeal and as further evidence that [the claims advisor] had acted on authority from [appellant]." *Id.*

As in *Garrison*, we hold that Ms. Blanchette was acting as an authorized agent on behalf of appellant when she filed the appeal in this matter. Similarly, appellant's May 20, 2020 email, ratified Ms. Blanchette's conduct.

CONCLUSION

The Board has jurisdiction over this appeal. The government's motion to dismiss for lack of jurisdiction is denied.

Dated: August 26, 2021

LIS B. YOUNG
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62458, Appeal of Left Hand Design Corporation, rendered in conformance with the Board's Charter.

Dated: August 26, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals